## Person & Drissell *versus* Neigh.

1. The reception of a verdict after actual adjournment is erroneous.

2. Adjournment is the act of separation and departure; until this has fairly taken place the act is incomplete.

3. Giving the order to adjourn, and rising preparatory to separation, is not actual adjournment, if the judges are yet on the bench, and those who are concerned in the business before them remain.

4. In such circumstances the parties are yet subject to the orders of the court, and the order to adjourn may be recalled.

5. Just as the crier had finished announcing the adjournment, and the judges had risen to their feet, but were still on the bench, the counsel being present, the jury returned with their verdict, which was received by the court. *Held*, that the receiving of the verdict was good whether objected to or not.

ERROR to the Court of Common Pleas of *Carbon county*.

This was an action of *assumpsit*, commenced August 19th 1861 by Franklin H. Person and Henry Drissell, partners, &c., against Henry W. Neigh and Peter W. Neigh.

By order of the court (Barrett, P. J.) the following entry was made on the record:—

"This case was given to the jury on Friday, the 6th day of January, A. D. 1865, during the afternoon of said day, and the jury retired to deliberate upon their verdict. About 6 o'clock in the evening the court was adjourned over until 7 o'clock in the same evening. Just as the crier had finished pronouncing the adjournment, and as the judges had arisen to their feet, the jury entered the court-room with their verdict. The judges resumed their seats, and with the counsel present, ordered the prothonotary to take the verdict of the jury, which was done. The judges had not left the bench, and the lawyers had not left the bar of the court-house. After the verdict was entered upon the minutes of the court, the judges, officers of the court and members of the bar, left the court-house, and returned again at 7 o'clock, the hour to which the court stood adjourned. The verdict was taken without objection on either side.

"The plaintiffs' counsel request that the above statement may be signed by the court, and filed so as to be made part of the record, which is done."

The verdict was for the defendants, and judgment was entered on it.

The following errors were assigned:—

1. Entering judgment on the verdict.

2. Receiving and recording the verdict under the circumstances stated in the foregoing "entry."

*M. M. Dimmick* and *H. Green*, for plaintiffs in error.—The record declares that the court had adjourned; and, therefore, not being in session, was incompetent to transact judicial business: 3 Bl. Comm. 24, 25; Coke L. 58 *a*; Constitution of Pennsyl-

[Person *v.* Neigh.]

vania, art. 5, § 1, Purd. 18; Act of April 14th 1834, § 19, Purd. 153; Horton *v.* Miller, 2 Wright 270; Jacobs' Law Dict., tit. *Adjournment;* People *v.* Martin, 5 N. Y. (1 Seld.) 22; La Farge *v.* Wagener, 14 How. 54–58.

Judges convened as individuals, even in the court-house, can do no judicial acts although they assume to perform them; rendering a verdict is a judicial act: Root *v.* Sherwood, 6 Johns. 67; Blackley *v.* Sheldon, 7 Id. 33; Dornick *v.* Reichenbach, 10 S. & R. 84; Rees *v.* Stillé, 2 Wright 138. The court has the right to send the jury back before the verdict is recorded, which presupposes that the court must be in session at the time: Ramage *v.* Peterson, 1 Casey 349; Reitenbaugh *v.* Ludwig, 7 Id. 131.

Acts done during the period of adjournment are void: Weeks *v.* Lyon, 18 Barb. 530; Deland *v.* Richardson, 4 Denio 95; Ranson *v.* Grow, 4 E. D. Smith 18; Gregg *v.* Cooke, Peck 82; Shamokin Co. *v.* Mitman, 3 Barr 379; Tomlin's Law Dict. 37; Morris *v.* Buckley, 8 S. & R. 216; Fox *v.* Smith, 3 Cowan 23; Root *v.* Sherwood, 5 Johns. Rep. 68.

*J. W. Comly* and *N. F. Handy,* for defendants in error.— In Shamokin Co. *v.* Mitman, 3 Barr 379, the verdict was taken in the interval of adjournment, and against the wishes of plaintiffs' counsel.

The statement of the judge is no part of the record: Brown *v.* School Directors, 6 Harris 78; Calhoun *v.* Logan, 10 Harris 47; Rogers *v.* Ratcliffe, 11 Harris 184; Lancaster *v.* De Normandie, 1 Whart. 51; Bratton *v.* Mitchell, 5 Watts 69; Holden *v.* Cole, 1 Barr 303; Rhoads *v.* Commonwealth, 3 Harris 272; Middleton *v.* Commonwealth, 2 Watts 286; Commonwealth *v.* Church, 1 Barr 105.

The opinion of the court was delivered, March 26th 1866, by

AGNEW, J.—If the fact of an adjournment be admitted, the conclusions of the plaintiff in error must be conceded, and the reception of the verdict was irregular and erroneous. But the case is solved by an answer to the question, What is an adjournment? It is an act, not a declaration. In the proper order of procedure the announcement of the crier precedes, and does not follow, adjournment. It is but a proclamation to those in attendance of the time to which the court intends to adjourn, and gives notice of the formal act of adjournment. But adjournment is the act of separation and departure, and until this has fairly taken place, the act is incomplete. The fact of giving the order of adjournment, and the act of rising to the feet preparatory to separation, is not actual adjournment, if the judges are yet on their bench, and those remain who are concerned in the business before them. The court is not yet fully dissolved, and can recall the

[Person *v.* Neigh.]

order of adjournment. The parties before them are yet subject to their orders. Such was this case. Just as the crier had finished pronouncing the adjournment, and as the judges had risen to their feet, the jury entered with their verdict. The counsel were present, the judges still on their bench, and the members of the bar yet within it. The judges immediately resumed their seats, and directed the prothonotary to take the verdict; which he did, and recorded it in the presence of the counsel of both parties. Under these circumstances the receiving of the verdict was good whether the counsel objected or did not. They were present, and were deprived of no privilege. The plaintiffs in error lost no right, and missed no opportunities of which they might not have availed themselves. The reason of the law and the facts of the case are against them, and we should be doing no service to society or to the interests of justice were we to encourage such nice technicalities.

The other error was not pressed, and has nothing in it.

Judgment affirmed.