Confer, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—" Stop, look and listen."*

Where a person approaches a grade crossing where there are three tracks, and where there are cars standing on both sides of the crossing, and stops, looks and listens at a point where people usually stopped before crossing the railroad, the question whether he should have stopped again at another point is a question for the jury, and not for the court.

*Practice, C. P.—Submission of question to jury—Reserved question.*

Where the trial judge submits a specific question to the jury to be answered by them, yes or no, and the jury answers the question in favor of the plaintiff, it is error for the trial judge to enter judgment for defendant on the ground that the evidence was insufficient to sustain the finding. If the fact was improperly found, the remedy is a new trial.

The trial judge cannot himself draw conclusions of fact from the evidence. Hence a reserved question must be a pure question of law. It cannot be a mixed question of law and fact, for that would necessarily draw to the court what properly belongs to the jury.

Argued April 18, 1904. Appeal, No. 212, Jan. T., 1903, by plaintiff, from order of C. P. Centre Co., April T., 1901, No. 112, entering judgment for defendant non obstante veredicto in case of G. J. Confer v. Pennsylvania Railroad Company. Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before LOVE, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $4,000. The court entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Ellis L. Orvis,* for appellant.—This case is ruled by Elston v. Delaware, etc., R. R. Co., 196 Pa. 595.

In order to enter judgment against a verdict, the judge below cannot himself draw conclusions of fact from the evidence; these are determined by a jury: Winchester v. Bennett, 54 Pa. 510; Wilde v. Trainor, 59 Pa. 439; Com. to use v. McDowell, 86 Pa. 377.

It is error to submit a particular fact in a cause to the jury and after the fact has been found by them to enter judgment for the party against whom it is found on the ground that the evidence is insufficient to establish it: North American Oil Co. v. Forsyth, 48 Pa. 291; Butts v. Armor, 164 Pa. 73.

*John Blanchard,* with him *Edmund Blanchard,* for appellee. —Plaintiff was guilty of contributory negligence: Gangawer v. P. & R. R. R. Co., 168 Pa. 265; Kinter v. Penna. R. R. Co., 204 Pa. 497; Carroll v. Railroad Co., 12 W. N. C. 348; Marland v. Railroad Co., 123 Pa. 487; Myers v. Railroad Co., 150 Pa. 386; Holden v. Railroad Co., 169 Pa. 1; Derk v. Railway Co., 164 Pa. 243; Fox v. Railroad Co., 195 Pa. 538.

OPINION BY MR. JUSTICE POTTER, June 15, 1904:

On the morning of October 27, 1900, the plaintiff was injured at a grade crossing of the public highway, on the tracks of the defendant company in the borough of Howard, Centre county. He was driving southward along the main street of the borough in a spring wagon drawn by two horses. At the point where the accident occurred the street crosses three parallel tracks, the northernmost two being sidings, and the third the main track of the railroad. The three tracks have a total width of twenty-eight feet from the outer rail to outer rail.

The plaintiff testified that on the day of the accident as he approached the crossing, there was a freight train on one of the sidings, and a wreck train or gravel train on the other. The former extended across the street and he stopped his team in front of a store forty feet or more distant from the track. Then he drove on, to a point twenty or twenty-five feet from the tracks, where he stopped again, rose from his seat, and looked and listened for the approach of a train on the main track. He saw and heard nothing, and the freight cars having meanwhile been moved back from the street and two other wagons having crossed from the opposite side, he drove upon the tracks. As he crossed the main track his wagon was struck by a special freight train coming from the east and he was injured. He testified that no whistle was sounded nor bell rung to give notice of the approach of the train which struck him.

Plaintiff's account of the accident was corroborated by other witnesses and it was shown that the point where he stopped, looked and listened was the place where people usually stopped before crossing the railroad.

The negligence alleged was failure to give warning of the approach of the train. Nine witnesses testified that they were in position to hear and observe whether the whistle was sounded or bell rung by the approaching train, and that they heard neither whistle nor bell. Some of them had special reason to take notice and they were almost all positive that no warning whatever was given.

The defendant offered testimony to show that the whistle was sounded and that if the plaintiff had looked and listened, as he claimed to have done, he could have both heard and seen that the freight was coming.

Upon the trial the defendant presented two points for charge:

First. The undisputed evidence in this case proves that the plaintiff was guilty of contributory negligence as a matter of law and therefore the plaintiff cannot recover and the verdict must be for the defendant and the jury are instructed so to find.

Second. There is no evidence in this case that entitles the plaintiff to recover and therefore the verdict must be for the defendant and the jury are instructed so to find.

To each of these the court answered, The question of law raised by this point is reserved for further consideration.

At the conclusion of the charge the court submitted to the jury five points in writing, saying : Now, for my own satisfaction hereafter, I desire you to return answers to the following questions, which will be sent out with you to be returned with your verdict :

1. Do you find from the evidence that the whistle was blown and the bell rung on the freight train that collided with the plaintiff, as testified to by defendant's witnesses ?

2. Do you find from the evidence that the rear car of the local freight train, standing on the warehouse siding, was west of the siding, about opposite the platform of the freight depot?

3. Do you find from the evidence that there were no cars west of the crossing standing upon the middle track of the railroad so as to obstruct the view of the plaintiff?

4. Do you find that if the plaintiff stopped at twenty-five feet from the north track and looked and listened, that at that point the station, and cars on the track west of the crossing would obscure his view of the track in looking west?

5. Do you find from the evidence that had the plaintiff approached within ten or fifteen feet of the north track he could have had a better and more extensive view of the tracks west and could have seen the approaching train with which he collided?

Those questions can all be answered yes or no and you can return them with your verdict.

The jury answered all the questions submitted by the court, in the negative, and found a general verdict in favor of the plaintiff for $4,000.

Subsequently the court entered judgment, in favor of the defendant, non obstante veredicto, upon the questions reserved. These appear only in the charge and were upon the two points submitted by the defendant.

The assignments of error are all substantially to the same effect, that the court below erred in the entry of judgment for the defendant.

The question of negligence was found specifically against the defendant, as a plain matter of fact. The location of standing cars, with relation to the crossing, was also in dispute, and that matter was also submitted by the trial judge to the jury, both in his general charge, and specifically in the second and

third questions, which the jury answered in the negative, thereby sustaining the contentions of the plaintiff in that respect. It appeared from the evidence that the plaintiff first stopped as he approached the crossing at a point farther from the track than the usual place for stopping, because the street was partly obstructed by cars. When they were pulled out of the way, he passed on to a point about twenty-five feet from the north track, which was apparently the usual place for stopping. In answering the fourth specific question submitted to them, the jury found that at that point the view of the plaintiff looking west would not be obstructed by the station and the cars on the track, west of the crossing. And in answering the fifth question the jury said that as a matter of fact, the view of the track would not have been improved for the plaintiff if he had approached ten or fifteen feet nearer the north track, instead of stopping where he did, the last time. This was purely a question of fact, and its determination would require the position of the cars standing upon the tracks at the time, to be taken into consideration. The trial judge in entering judgment for the defendant, notwithstanding the verdict of the jury, assumed that the finding of the jury in this respect was wrong. But the fact was specifically submitted to the jury, and having been found in favor of the plaintiff, it was error for the trial judge to enter judgment for the defendant on the ground that the evidence was insufficient to sustain the finding. If the fact was improperly found, the remedy was a new trial : North American Oil Co. v. Forsyth, 48 Pa. 291. As our Brother DEAN said in Butts v. Armor, 164 Pa. 73, " Whether warranted or unwarranted, the jury believed defendant's witnesses, and on the facts testified to by them, drew the inference, which the court instructed them they might draw, if they thought it was warranted. The court cannot now draw an opposite one, and negative the verdict. It can only set the verdict aside if it be against the weight of the evidence."

The verdict of the jury and their special findings of fact take this case out of the principle set forth in Kinter v. Penna. R. R. Co., 204 Pa. 497, and place it within the lines of the decision in Elston v. Del., etc., R. R. Co., 196 Pa. 595, to which indeed, in its facts and circumstances, it bears a close resemblance.

Upon the facts as here found by the jury the court could not say, as matter of law, that the plaintiff was guilty of contributory negligence. To justify that conclusion he would have to ignore the conclusions of fact drawn from the evidence by the jury, and draw for himself a different inference of fact. But as Justice SHARSWOOD said in Com. to use, etc., v. McDowell, 86 Pa. 377, "The judge cannot himself draw conclusions of fact from the evidence. Hence the reserved question must be a pure question of law. It cannot be of a mixed question of law and fact, for that would necessarily draw to the court what properly belongs to the jury." Under the facts as found, judgment should have been entered upon the verdict in favor of the plaintiff.

The first, second, fifth and sixth assignments of error are sustained and the judgment is reversed. It is further ordered that the record be remitted to the court below, with directions to enter judgment upon the verdict in favor of the plaintiff.