# Murphey, Appellant, v. Philadelphia Rapid Transit Company.

*Practice, C. P.—Trial—Reservation of question of law.*

A reservation of a question of law is properly made by the following instruction: "This verdict will be taken subject to the point of law reserved, whether there is any evidence in the case to be submitted to the jury."

*Negligence—Street railways—Motorman—Scope of employment.*

Where a street car is obstructed by a coal wagon, and the motorman leaves his car, and in attempting to start the horses of the wagon negligently injures the driver, the street railway company is not liable to the driver, inasmuch as the motorman was acting without the scope of his employment.

Argued Dec. 13, 1905.   Appeal, No. 95, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 3400, non obstante veredicto in case of Thomas C. Murphey v. The Philadelphia Rapid Transit Company.   Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before RALSTON, J.

Verdict for plaintiff for $550, subject to question of law reserved.

The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

Howard A. Davis, with him Edward B. West, for appellant.— There was no legal reservation of a point of law : Confer v.

R. R. Co., 209 Pa. 425; Butts v. Armor, 164 Pa. 73; Com. to use v. McDowell, 86 Pa. 377; Coolbroth v. R. R. Co., 209 Pa. 433.

The question whether the motorman was acting within the scope of his employment was for the jury: Barwick v. English Joint Stock Bank, L. R., 2 Ex. 259; Farwell v. R. R. Corp., 45 Mass. 49; Wharton on Neg. (2 ed.) sec. 160; McClung v. Dearborne, 134 Pa. 396; Guinney v. Hand, 153 Pa. 404; Brunner v. Tel. Co., 151 Pa. 447; Pollock on Torts (6 ed.), pp. 84, 91; Dwinelle v. R. R. Co., 120 N. Y. 117 (24 N. E. Repr. 319); Johnson v. Armour, 18 Fed. Repr. 490; Penna. Co. v. Toomey, 91 Pa. 256.

*Thomas Leaming*, with him *Charles E. Morgan*, 3d, for appellee.—The case is ruled by Rudgeair v. Reading Traction Co., 180 Pa. 333.

OPINION BY MORRISON, J., January 13, 1906:

This is an appeal by the plaintiff from the judgment of the court below in an action to recover damages for personal injuries sustained by the alleged negligence of the defendant. The facts as stated by the appellant's counsel are as follows: On December 11, 1903, the plaintiff was engaged in the retail coal business in the city of Philadelphia; on the morning of that day a wagon of the plaintiff was backed against the curb of West Logan Square, or North Nineteenth street. The plaintiff was delivering coal and his wagon was backed in the usual way, the horses' heads, turned toward the south; the back of the wagon towards the west; the front towards the east and near to the track of the defendant company on Nineteenth street. The driver of the wagon was in the cellar of the house where the coal was being delivered. A large modern car of the defendant, in charge of its servants, approached the wagon of the plaintiff, and the motorman found that he could not get past the plaintiff's wagon, as it projected about an inch too far to allow the car to pass. The motorman said: "I am eight minutes late, do not delay me." The plaintiff said, "Wait a minute and I will lower the wagon," and in order to do so the plaintiff took hold of a crank on the side of the wagon which operated the wheels by which the wagon was lowered and

raised.   While the plaintiff was in the act of lowering the wagon, the motorman got off the car, took hold of the plaintiff's team and started it ahead, thus pulling the crank away from the plaintiff, causing it to revolve rapidly and strike the plaintiff in the face, causing the injuries complained of.

At the trial the defendant offered no testimony and moved for a judgment of compulsory nonsuit which the trial judge refused, and the case was submitted to the jury with the following reservation placed on the record : " This verdict will be taken subject to the point of law reserved, whether there is any evidence in the case to be submitted to the jury." It is not contended that the facts as stated in the appellant's history of the case were not substantially sustained by the evidence.

The defendant's points were as follows : 1. " Upon all the evidence your verdict must be for the defendant.   2. "Unless you find as a fact that the motorman was directed by the rules of the company, to remove wagons from the track, the motorman was acting beyond the scope of his employment, and the defendant is not liable for the consequences of his act."

The jury found a verdict in favor of the plaintiff for $550. The defendant moved the court for a judgment non obstante veredicto, and the plaintiff moved the court for judgment on the verdict.   Subsequently the court entered judgment in favor of the defendant, non obstante veredicto, and it is from this judgment that the plaintiff appealed.

The assignments of error are as follows : 1. " The learned court below erred in reserving as a point of law, notwithstanding the verdict of the jury, the following : ' Whether there is any evidence in the case to be submitted to the jury.'   2. The learned court below erred in entering judgment in favor of the defendant upon the point reserved, notwithstanding the verdict."   3. The learned court below erred in not entering judgment in favor of the plaintiff, upon the verdict of the jury, notwithstanding the point reserved."

It is contended by the appellant that the evidence in this case was for the jury ; that the trial judge, after refusing to enter a nonsuit, submitted the evidence to the jury, and stated at the conclusion of his charge, " this verdict will be taken

subject to the point of law reserved whether there is any evidence in the case to be submitted to the jury," and the jury having rendered a verdict in favor of the plaintiff, that the court erred in entering judgment in favor of the defendant on the point reserved, non obstante veredicto. The point sought to be made is that there was no legal reservation of a point of law, and, therefore, the learned trial judge allowed his own judgment, as to what was proved by the evidence, to overthrow the finding of the jury. The fallacy of this argument lies in the fact that a good point of law was reserved. It is true that the weight of the evidence and what it proves, is for the jury, but it is equally true that the question, of whether there is any evidence in the case sufficient to support a verdict in favor of the plaintiff, is always a question of law, and nothing else. The learned counsel cites Confer v. Railroad Co., 209 Pa. 425, and Oil Co. v. Forsyth, 48 Pa. 291, but those cases do not support his contention. They substantially hold: " The trial judge himself cannot draw conclusions of fact from the evidence. Hence a reserved question must be a pure question of law. It cannot be a mixed question of law and fact, for that would necessarily draw to the court what properly belongs to the jury. . . . The trial judge in entering judgment for the defendant, notwithstanding the verdict of the jury, assumed that the finding of the jury in this respect was wrong. But the fact was specifically submitted to the jury."

The difficulty of that case was that the trial judge did not reserve a pure question of law. But in our case the trial judge did reserve a pure question of law and that gave him the right to subsequently enter judgment in favor of the defendant, non obstante veredicto. Butts v. Armor, 164 Pa. 73 is also cited. But that was a case where the judgment was entered, non obstante veredicto, on the ground that the facts did not warrant the inference drawn from them by the jury, they having found, " that the testatrix was not of sound and disposing mind and memory at the time she executed the will. Then, on the reserved point, the learned president judge in vacation entered judgment for plaintiff, notwithstanding the verdict, on the ground that the inference of incapacity was not warranted from the facts alleged to be proven." That is, on conflicting evidence as to the disposing mind and memory of the testatrix,

the court substituted its judgment for that of the jury. Commonwealth v. McDowell, 86 Pa. 377, cited by appellant, is a case where the question reserved was "Whether the whole or any portion of the money in the hands of Painter & Co., or with Jay Cooke & Co., was authorized by the charter of the bank, and whether or not the bond of defendant is legal and valid." The court entered judgment in favor of the defendant, non obstante veredicto, which judgment was reversed because the reserved question was a mixed question of law and fact.

Coolbroth, Appellant, v. Penna. R. R. Co., 209 Pa. 433, is also cited, but that case was reversed because the question reserved was a mixed question of law and fact and not a legal reservation of a question of law alone. Fisher v. Scharadin, 186 Pa. 565, and cases following it, including Casey v. Paving Co., 198 Pa. 348; Keefer v. Life Ins. Co., 201 Pa. 448, and Confer v. Railroad Co., 209 Pa. 425, settle the law that the reserved question in the present case is good. The first assignment of error is not sustained.

Upon the main question, we think the learned court did not err in directing judgment in favor of the defendant. In our opinion, there is no substantial difference between the facts in this case and in Rudgeair v. Reading Traction Co., 180 Pa. 333. In that case the motorman abandoned his post and interfered with the plaintiff who was in the control of his team and wagon, obstructing the track of the company defendant. The case was ruled upon the ground that there was nothing to indicate that the act committed was within the scope of the authority of the motorman, nor within the line of his employment. In the present case it is conceded that the motorman abandoned his car and interfered with the plaintiff's team on the street, and there is not a scintilla of evidence that the motorman was in the line of his employment or within the scope of his authority in so doing. The plaintiff was unloading coal in the public street where he had a right to be. In the Rudgeair case this question was ruled as a matter of law, in a Per Curiam opinion, Justice STERRETT, as follows (p. 337): "The testimony offered in this case shows that plaintiff was assaulted on the street and beaten by John Van Reed, an employee of the traction company, defendant; but it clearly ap-

pears that in the commission of the assault and battery Van
Reed was not acting within the scope of his employment as a
motorman of the company, or by the authority or direction of
any of its officers or agents. The principle, respondeat supe-
rior, has no application to such a purely personal trespass as
that disclosed by the evidence presented. The court was
therefore clearly right in refusing to take off the nonsuit." It
should be noted that this was said in a case where there was
an entire lack of evidence as to the scope of the authority of
the motorman.

In the present case, we can discover no reason for holding
the defendant company responsible for the pure, unauthorized
trespass of the motorman, upon the plaintiff, after he had aban-
doned his post of duty and volunteered to trespass upon the
plaintiff's property.

The real question is whether the motorman was within the
scope of his employment, and whether this question was for the
court or jury. On the facts we think it was a legal question
for the court. See McClung v. Dearborne, 134 Pa. 396 ; also
Penna. Co. v. Toomey, 91 Pa. 256, where the conductor of a
railroad train ejected from the platform a person who had no
right to be there, and it was held that inasmuch as he was act-
ing within the line of his duty, the company was liable for his
negligence, but not for his malice. This may not be the law
now on the point decided in the McClung case. But it is ap-
plicable upon the question of the motorman acting within the
scope of his employment. We do not think the case of Guin-
ney v. Hand, 153 Pa. 404, helps the plaintiff in view of the
doctrine of the Rudgeair case. The Guinney case decided that
the question whether a servant was acting within the scope of
his authority when he committed a negligent act is a question
of fact for the jury. But see Brennan, Appellant, v. Merchant
& Co., 205 Pa. 258, where it is said (p. 261) : "Whether the
negligent act was within the servant's employment was a
question of fact for the jury : Guinney v. Hand, 153 Pa. 404.
Of course, if the facts and inferences to be drawn from them
are not in dispute, the court may determine the question as a
matter of law." We do not regard Quinn v. Shamokin, etc.,
Ry. Co., 7 Pa. Superior Ct. 19, in conflict with our case.
Nor is there anything in Brennan v. Merchant & Co., 205 Pa.

258, which convicts the court below of error in holding that the motorman was not acting within the scope of his employment. The second and third assignments of error are not sustained.

Judgment affirmed.