## Messner et al. v. Komo Chemical Company

*John J. McDevitt, Jr.,* for plaintiffs; *Raymond A. White,* for defendant.

KUN, J., September 20, 1933.—This is an action to recover damages, by a minor plaintiff and his parents against the defendant corporation, for physical injuries sustained by the minor as the result of the shooting of the minor by a watchman of the defendant. Proofs at the trial disclosed the following facts:

On July 7, 1931, the minor plaintiff, a boy of about 13 years of age, and several other boys were playing at the corner of Greenville Street and Weccacoe Avenue, streets in southeast Philadelphia. It was about 10 o'clock at night. The boys were throwing stones at a tin can on the top of a fireplug. The fireplug was located on the southeast corner, and the defendant's property was located on the southwest corner of the above-mentioned streets.

One of the stones that the boys were throwing missed and hit the arc light on the northeast corner and put out the arc light. Then a watchman of the Komo Chemical Company stood in the doorway of the Komo Chemical Company building and fired two shots, one of which struck the boy in the right leg below the hip, from which the boy suffered personal injuries.

The testimony of all the boys was that they were not on the property of the defendant, they were not breaking into the property, they were not throwing stones at the property, and were not damaging it or attempting to enter upon it or damage it in any way. The question, therefore, is whether the action of the watchman of the defendant in shooting the minor plaintiff was within the scope of his authority. It must be clear that the watchman was employed to guard and protect the property of the defendant corporation, and for any unlawful act of the watchman within the reasonable scope of such employment the master would be liable. In this case, however, there was an entire absence of proof that the act of the watchman had anything whatever to do with the protection of the defendant's property. In fact, there was affirmative proof in the plaintiffs' case that the shooting had nothing whatever to do with the protection of the defendant's property or to ward off any assault on the watchman while on the property. In these circumstances, whatever the liability of the watchman as an individual may be, his employer, the defendant corporation, cannot be held accountable.

In a case where the shooting by a policeman in the employ of a railroad company took place on the railroad company's property, the plaintiff in that case having been shot immediately after alighting at a station from one of the railroad company's trains on which he had been a passenger, and while he was moving away and behaving in a quiet and orderly way without having given any occasion for offense or having engaged in any altercation or having been guilty of any violation of law, it was held that the defendant railroad company was not liable, the act of the policeman in those circumstances being held not to have been done in the course of his employment: Berryman v. Penna. R. R. Co., 228 Pa. 621.

Similarly, it was held in Ward v. Erie R. R. Co., 89 N. J. L. 525, that the defendant company was not liable where it appeared that the defendant's watchman or detective shot the plaintiff as he approached the watchman on defendant's property without any notice or reason for said shooting; such an act was held to be a willful act of the servant's, not expressly or impliedly within the line of the servant's duty, entirely disconnected therefrom, and done not as a means or for the purpose of performing the servant's work.

It has been similarly held in New York that an employer cannot be held liable for the act of his watchman in shooting with a revolver a boy who was not upon the master's property and who had made no attempt to trespass thereon or interfere therewith: Grimes, Admin'r, v. Young, Admin'r, 51 App. Div. 239; Sandles v. Levenson, 78 App. Div. 306 (affirmed 176 N. Y. 610).

The same principle was applied in a case where a street car was obstructed by a coal wagon; the motorman left his car and in attempting to start the horses of the wagon injured the driver. The court held that the street railway company was not liable to the driver, inasmuch as the motorman was acting

outside the scope of his employment: Murphy v. P. R. T. Co., 30 Pa. Superior Ct. 87.

Likewise, in a case where the defendant's motorman assaulted the driver of a wagon that blocked the passage of the car, it was held the defendant traction company was not liable. The court said that although the removal of the obstacle to the progress of the car was in the interest of the employer, yet to accomplish such purpose the motorman had no implied authority to assault the driver of the obstacle, such act being outside the scope of his employment: Rudgeair v. Reading Traction Co., 180 Pa. 333.

Where a workman employed to drag bales of cotton over a sidewalk into a warehouse waved a hook which he was using at some boys who were playing around on the bales, as if to frighten them, and the hook slipped from his hand and injured a boy who was not on the bales but was standing on the sidewalk nearby and who was not trespassing or interfering with the work, the employer of the workman was held not to be liable to the boy for the injuries sustained: Guille v. Campbell, 200 Pa. 119.

The nonsuit was properly entered by the trial judge and the motion to take it off was properly refused.