# Acme Manufacturing Company *v.* Reed.

| 197     359
35 SC   625

*Guaranty—Notice of acceptance of guaranty.*

A guarantor of future credit or advancing is entitled to notice from the party giving the credit, of his acceptance of the guaranty, inasmuch as such notice enables the guarantor to know the nature and extent of his liability, to exercise due vigilance in guarding himself against losses which might otherwise be unknown to him, and to avail himself of the appropriate means in law and equity to compel the other parties to discharge him from future responsibility.

A blank order for goods sent out by a manufacturing corporation was filled up by a customer, a guaranty was indorsed on the order, and the order was returned to the corporation. The order contained a stipulation that the same would be considered accepted by the corporation, unless it gave notice to the contrary within thirty days of its receipt at its office. The guaranty was that if the corporation would accept the customer's order, the performance by the latter of his part of the contract would be guaranteed. The corporation accepted and filled the order, but gave no notice of the acceptance to the guarantor. *Held*, that the guarantor was not liable.

*Evidence—Agreement as to depositions.*

Where an agreement is made between counsel that certain depositions not made in the suit shall be admitted, and subsequently plaintiff suffers a nonsuit, and thereafter a new suit is instituted between the same parties, the depositions cannot be admitted in the second suit, in the absence of any agreement as to their use.

Argued April 25, 1900. Appeal, No. 125, Jan. T., 1900, by plaintiff, from judgment of C. P. Erie Co., Sept. T., 1898, No. 200, on verdict for defendant, in case of the Acme Manufacturing Company of Reading *v.* C. M. Reed. Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit upon a contract of guaranty. Before LINDSEY, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

At the trial, plaintiff's counsel offered in evidence deposition of John H. Phillips, a witness produced and sworn on deposition in the United States circuit court, western district of Pennsylvania, No. 1, July term, 1897, Barnes Cycle Company, plaintiff, *v.* Charles M. Reed, defendant, filed July 9, 1897, in the circuit court, in pursuance of the following agreement:

"THE ACME MANUFACTURING COMPANY of Reading, Penna.,
*v.*
C. M. REED.
} No. 41, February term, 1897.

"It is hereby agreed by the attorneys for the plaintiffs and defendant that the depositions of J. H. Phillips and Leo Schlaudecker, taken in the case of the Barnes Cycle Company 'v. Charles M. Reed, in the Circuit Court of the United States, Western District of Pennsylvania, may be read on the trial of the above entitled case as fully as if taken in the same, reserving the right to make and take all legal objections and exceptions thereto.

(Signed.)    "J. ROSS THOMPSON, .
"Attorney for plaintiff.
"T. A. LAMB,
"Attorney for defendant."

. The plaintiff in No. 41 having taken nonsuit and this action being for the same guaranty and for the same cause of action, the testimony is offered in pursuance of the above agreement.

Plaintiff's counsel states that the witnesses are without the jurisdiction of this court.

Defendant's counsel objects as being incompetent and irrelevant, the depositions having been taken in a suit between the Barnes Cycle Company and the defendant in this case, relating to a subject-matter other than set forth in the plaintiff's statement of claim; and also for the reason that the stipulation in question referred to by the counsel for plaintiff only authorized the use of the said depositions in suit No. 41, February term, 1897, which was based upon a statement of claim radically different from that of the claim in question. And for the further reason that there is no agreement that the depositions shall be used in this case.

The Court: As the reading of the depositions depended upon the agreement, we think they are not competent to be read in this case. If it was the evidence of two witnesses that was being offered, taken in a former suit where the subject-matter is the same, and between the same parties, then the competency is supposed to have been passed upon by the court and they may be admitted when the witnesses are not within the reach of a subpœna; but in this case, as the deposition depended upon the stipula-

tion—the agreement—the agreement was to read the deposition in that case and not in this. We therefore shall have to sustain the objection. The objection is sustained and exception sealed for the plaintiff. [1]

The court gave binding instructions for the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) rulings on evidence, quoting the bill of exceptions; (7) in giving binding instructions for defendant.

*J. Ross Thompson,* of *J. Ross Thompson & Son,* for appellant. —No formal notice of acceptance of the guaranty by the plaintiff was needed in order to complete the contract of guaranty: Davis v. Wells, Fargo & Co., 104 U. S. 159; Wright v. Griffith, 6 L. R. A. 639; Snyder v. Click, 112 Ind. 293; Crompton's Est., 9 Pa. C. C. R. 134; Furst & Bradley Mfg. Co. v. Black, 111 Ind. 108; Union Bank v. Coster, 3 N. Y. 212.

The words are to be taken as strongly against the guarantor as the sense will admit of: Crompton's Est., 9 Pa. C. C. R. 134; Douglass v. Reynolds, 7 Peters, 113; Drummond v. Prestman, 12 Wheat. 515.

The language used "will make the payments therein specified according to the terms thereof" would make the defendant surety: Campbell v. Baker, 46 Pa. 243; Allen v. Hubert, 49 Pa. 259; Reigart v. White, 52 Pa. 438; Amsbaugh v. Gearhart, 11 Pa. 482; Coe v. Buehler, 110 Pa. 366; Gardner v. Lloyd, 110 Pa. 278.

If notice was required it was waived by Schlaudecker and Reed by the terms of the order on which the guaranty was written.

The court erred in the rejection of the depositions taken in the case of Barnes Cycle Co. v. Reed in the United States circuit court.

*Theo. A. Lamb,* for appellee.—The learned counsel for appellant avers that because the guaranty recites a consideration paid by the plaintiff that, therefore, there was an immediate acceptance of the guaranty, and no notice to defendant necessary. But this contention had been expressly ruled against him, by this court in the case of Coe v. Buehler, 110 Pa. 366. The case of Gardner v. Lloyd, 110 Pa. 278, is also directly in point. See also Evans v. McCormick, 167 Pa. 247.

OPINION BY MR. JUSTICE BROWN, October 8, 1900:

The appellant brought suit on an alleged guaranty to it by the appellee, and a verdict was directed in the latter's favor, because no notice had been given him by the former of its acceptance of the same. It seems that, in December, 1895, Leo Schlaudecker had given the appellant an order for a lot of bicycles, which it did not fill. Subsequently, a representative of the company saw him and requested security for the order sent in. On February 24, 1896, he sent another order to the appellant for the bicycles that had been ordered in December, and, in giving it, used the regular form of contract adopted by the company. It was as follows, a portion of the first sentence having been written:

"ERIE, PA., 2–24, 1896.

"ACME MANUFACTURING CO.,

"Reading, Pa.

"Gentlemen: I herewith hand you my order, through your representative for ....... quantity and specifications already sent in ........ Stormer bicycles, this order not being subject to countermand:

"Discount .... Terms: F. O. B. Reading, Pa........ days.

"Deliveries to be made as follows:

| "December ................ | April.................... |
| January .................. | May .................... |
| February ................ | June .................... |
| March .................... | July .................... |

"This order is given with the understanding that ........ have the exclusive sale of Stormer bicycles in the following territory, viz: .............................................. so long as .......... give your bicycles proper and fair representation.

"This order is taken subject to the approval of the Acme Manufacturing Co. If notice to the contrary is not given within thirty days after receipt of the order at their office in Reading, Pa., it will be understood that the order is accepted.

"Remarks...........................................

(Signed.) "LEO SCHLAUDECKER.

..................................

For ACME MANUFACTURING CO."

Though the order purports to have been taken by the Acme Manufacturing Company, it was simply sent to the company by Schlaudecker.

The company had not signed the paper. It is not, on its face, a contract between the parties, but simply an order from Schlaudecker, who had used the company's regular form of contract, in which it appeared that the order would be considered accepted, unless notice to the contrary was given by the company within thirty days from its receipt at the office in Reading. On the back of the order there is the following, which is the subject of this suit:

### " GUARANTY.

" In consideration of \$1.00 paid me by Acme Manufacturing Co., the receipt of which is hereby acknowledged.......... of the city of Erie, county of Erie, state of Pennsylvania, do hereby guarantee to the said Acme Manufacturing Co., the prompt fulfillment of all the covenants and conditions of the within contract on the part of Leo Schlaudecker, and that the within named Leo Schlaudecker will make the payments therein specified according to the terms thereof.

" Witness my hand and seal this ........ day of .......... A. D. 189 .

" Witness ....................

" CHAS. M. REED.    (Seal.) "

This order, with the indorsement, reached the company's office some time in April, 1896, and, without any notice to Reed, bicycles were shipped to Schlaudecker from time to time in pursuance of it. He did not pay for them, and, after trying to collect from him, the company resorted to Reed on the foregoing guaranty.

If this guaranty was absolute and accepted when given for the payment of indebtedness about to be created by Schlaudecker, notice of its acceptance by the appellant was not necessary to fix the liability of the guarantor: Gardner v. Lloyd, 110 Pa. 278. On the other hand, as was said by the late Chief Justice GREEN, in that case, after citing numerous authorities and well-considered cases, " In all of them the doctrine is in force that where the event is future and depends upon the will of the guarantee, he must give notice of acceptance to the

guarantor before the latter becomes subject to any liability." "There is no principle of the law of contracts more firmly settled than that a guarantor of future credit or advancing is entitled to notice from the party giving the credit, of his acceptance of the guaranty, unless, indeed, the agreement to accept be contemporaneous with it: Wildes v. Savage, 1 Story, 26. And even this is rather an instance of simultaneous proffer and notice of acceptance, than an exception to the rule. Without such notice there is no contract, for a party giving a letter of guaranty has a right to know whether the person to whom it is addressed means to hold him ultimately responsible, inasmuch as his own caution and vigilance may, in a great measure, be regulated by his knowledge of the fact. The authorities to this point are numerous and concurrent. Many of them are brought together by Mr. Justice STORY, in his treatise on contracts. In one of them (Edmonston v. Drake, 5 Peters, 624), the Supreme Court of the United States, speaking of this species of suretyship, says, 'It would indeed be an extraordinary departure from that exactness and precision which peculiarly distinguish commercial transactions, which is an important principle in the law and usage of merchants, if a merchant should act on a letter of this character, and hold the writer responsible, without giving notice to him that he had acted on it:'" Kay v. Allen, 9 Pa. 320. It was urged in that case that a precedent request by the creditor to the party subsequently offering the guaranty was equivalent to notice of acceptance, but BELL, J., says: "I find no warrant for this view in any of the cases with which I am acquainted. . . . Indeed, it is difficult to imagine how precedent request alone can supply the place of subsequent notice, since after request made and proffer of guaranty, the merchant may refuse the credit or advance craved, and, without notice, the surety cannot know whether he has or not."

In Adams v. Jones, 12 Peters, 207, STORY, J., said the question before the court was, "Whether upon a letter of guaranty addressed to a particular person, or to persons generally, for a future credit to be given to the party, in whose favor the guaranty is drawn, notice is necessary to be given to the guarantor, that the person, giving the credit, has accepted or acted upon the guaranty and given the credit on the faith of it."

His answer was, " We are all of opinion, that it is necessary ; and that this is not now an open question in this court, after the decisions which have been made in Russell v. Clark, 7 Cranch, 69," and other cases.   What we said in Coe v. Buehler, 110 Pa. 366, is most appropriate to the case now before us.   " The absence of notice of acceptance by the plaintiffs to the defendant is fatal to their claim.   When the defendant signed the guaranty it was his proposition only.   The contract which he proposed to guarantee had not been executed or accepted by the plaintiffs.   True, they did execute it soon afterwards, yet they gave no notice thereof to the defendant."   This rule that a guarantor must have notice of the acceptance of his guaranty by the guarantee " is in itself a reasonable rule, enabling the guarantor to know the nature and extent of his liability ; to exercise due vigilance in guarding himself against losses, which might otherwise be unknown to him ; and to avail himself of the appropriate means in law and equity, to compel the other parties to discharge him from future responsibility : " Adams v. Jones, supra.

It is insisted that, as the guaranty of Reed was absolute and complete, he was not entitled to notice of its acceptance, and, still further, that he was not entitled to notice, because, by the terms of the order, there is a stipulation that the same would be considered accepted by the appellant, unless it gave notice to the contrary within thirty days of its receipt at the office in the city of Reading.   The guaranty was that, if the appellant would accept Schlaudecker's order, the performance by him of his part of the contract would be guaranteed.   When it was given, no contract existed between Schlaudecker and the company.   He had simply sent in his order with the guaranty on it, to be filled, if accepted.   The company was not bound to accept it, and, when it was received with the accompanying guaranty, there was no agreement to accept it, but, by its very terms, it was open to rejection for thirty days, and, until its acceptance, no contract existed between the parties.   It was clearly the case of a contract to be entered into by the guarantee in the future, depending upon its will.   Upon the making of the contract and notice of the acceptance of the guaranty by the company for the fulfillment by Schlaudecker, and not before, the guarantor would incur liability.   In this respect,

Davis v. Wells, Fargo & Co., 104 U. S. 159, earnestly pressed upon our attention as controlling the present case, is clearly distinguishable. The guaranty there was, as held by Mr. Justice MATTHEWS, " a complete and perfect obligation," carrying, "upon its face, conclusive evidence that it had been accepted by Wells, Fargo & Co." Reed's guaranty was delivered by him to Schlaudecker, who sent it to the appellant, to be accepted or rejected, as the order upon which it was indorsed was accepted or rejected. No notice was ever given to Reed by the company that the order had been accepted, or that his guaranty had been received and retained by it.

But, as we have stated, it is urged that the guarantor was not entitled to notice of the company's acceptance of his guaranty, because the order provides that it should be understood as accepted if notice to the contrary was not given within thirty days from its receipt. This is confounding the contract of Schlaudecker with that of Reed. The latter's is a separate and independent undertaking and contains nothing as a waiver of the notice, which, under the uniform decisions, the guarantee was to give him if it intended to hold him. Even if the order of Schlaudecker is to be regarded as a contract with the company, he was to be in suspense for thirty days, and, at the expiration of that period, failure to notify him of its acceptance was to be understood by him as meaning acceptance. But how was Reed to know that the company had been silent? By the terms of the order, Schlaudecker was to know in time whether it was accepted and contractional relations established between him and the company, but there was nothing in it providing that his guarantor should know even that. The silence of the company was to be notice to Schlaudecker of its acceptance of the order; but how was Reed to know that it had been silent? Though, by the terms of the order, it could be silent to Schlaudecker, and, by its silence, contract with him, it could not be silent to Reed. It might say to Schlaudecker that, by its silence, it would contract with him; but it could not, by silence, contract with Reed, in the absence of his agreement that it should do so. Its duty was to speak to him and tell him that it looked to his guaranty for the fulfillment of Schlaudecker's promises.

What we have said disposes of all the assignments of error

except the first, and it cannot be sustained, because the depositions offered could not have been received under objection. The agreement as to them was in another suit and did not extend to the present one. In the absence of a stipulation that they should be read in this proceeding, they could not be received, and the court, in rejecting them, simply construed the agreement as it was written.

The specifications of error are all overruled and the judgment is affirmed.