## American Radiator Company v. Hoffman, Appellant.

*Guaranty—Delay in completion of work—Release.*

Where an original contract of guaranty for the price of goods sold and delivered remains unchanged, and the vendor has shown complete performance, the guarantor is not released from his obligation by merely showing that there had been some delay.

*Guaranty—Notice—Estoppel.*

A guarantor who has been notified that his contract of guaranty has been accepted and that goods are being delivered upon the faith of it, and subsequently by positive declarations encourages the party acting upon the faith of the guaranty to continue the delivery of the goods, cannot afterward be heard to assert that notice of the acceptance of his guaranty was not given in time.

*Principal and surety—Guaranty—Construction of agreement.*

An agreement which although styled a guaranty covenants that in case the principal "fails to make the payment aforesaid when due, the undersigned agrees to make payment of said sum at the time aforesaid as though primarily liable," constitutes a contract of suretyship, and not of guaranty.

Argued Jan. 11, 1904. Appeal, No. 84, Jan. T., 1904, by defendant, from judgment of C. P. Monroe Co., Feb. T., 1903, No. 18, on verdict for plaintiff in case of American Radiator Company v. L. S. Hoffman. Before RICE, P. J., SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit upon a contract of suretyship.

The contract was in the following form:

"EAST STROUDSBURG, May 24, 1902.

"For and in consideration of one dollar to the undersigned in hand paid by the American Radiator Company, the receipt whereof is hereby acknowledged and the acceptance by said company of the order hereinafter referred to, the undersigned hereby guarantees the payment by H. L. Trumbore to said American Radiator Company of the sum of four hundred dollars, being for boilers, radiators, specialties, etc., as specified in the order this day given to said company by said H. L. Trombore ; said payment to be made within sixty days from date of shipment of said material; and in case said H. L. Trumbore fails to make payment aforesaid when due, the undersigned agrees to make payment of said sum at the time aforesaid as though primarily liable, and hereby waives all right to notice of any kind of account of default in payment by said H. L. Trumbore.

"Witness the hand and seal of the undersigned the day and year above written.

"L. S. HOFFMAN.    [Seal]"

Other facts appear by the opinion of the Superior Court.

Defendant presented, inter alia, the following points :.

1. In order to charge the defendant, L. S. Hoffman, with the debt of H. L. Trumbore under the alleged guaranties, it must be established by clear and satisfactory evidence that the American Radiator Company, the plaintiff, gave to L. S. Hoffman, the defendant, notice of the acceptance of his offer to guarantee said orders, which notice must have been sent within a reasonable time. *Answer :* Denied. [5]

2. What is a reasonable time in which to give notice depends upon the nature of the contract and the circumstances under which it was given. But an elapse of forty-seven days from the time of the offering to guarantee and the acceptance of the same, in this case, is not a reasonable time. *Answer :* Denied. [6]

3. There is no evidence of notice to the defendant, L. S. Hoffman, from the American Radiator Company, the plaintiff, of the acceptance of the offer of the defendant to guarantee the Butler contract of $400. *Answer :* Denied. [7]

4. There is no evidence of notice to the defendant, L. S.

Hoffman, from the American Radiator Company, the plaintiff, of the exceptance of the offer of the defendant to guarantee the Henryville contract of $264.34.  *Answer :* Denied. [8]

9. That the paper signed by the defendant May. 24, 1902, and the one signed September 17, 1902, being exhibits " A" and " B " respectively, were offers of guaranties and not suretyships.  *Answer :* Denied. [12]

10. The plaintiff having set up in his declaration that these exhibits " A " and " B " constitute guaranties and the defendant having pleaded to meet these allegations he cannot recover if the evidence shows that said papers are not guaranties. *Answer :* Denied. [13]

Verdict and judgment for plaintiff for $597.75.   Defendant appealed.

*Errors assigned* among others were above instructions, quoting them.

*W. B. Eilenberger*, of *Eilenberger & Hoffman*, for appellant.—A close inspection of the papers signed by the defendant conclusively shows that they bear the marks of a guaranty and lack those of suretyship : Stearns' Law of Suretyship, 5.

Though the defendant in the papers has waived to the plaintiff some of his rights as guarantor, these papers still remain guaranties and the defendant was entitled to notice of acceptance : Gardner v. Lloyd, 110 Pa. 278 ; Emerson v. Graff, 29 Pa. 358 ; Evans v. McCormick, 167 Pa. 247 ; Acme Mfg. Co. v. Reed, 197 Pa. 359.

It is incumbent upon the plaintiff to prove notice of acceptance ; mere conjecture or inference will not suffice : Patterson v. Reed, 7 W. & S. 144 ; Carmichael v. Newall, 2 Phila. 289.

*A. Mitchell Palmer*, for appellee.—When a guaranty is general, that is without having any of its terms fixed in the writing, the law adds the usual conditions that there shall be due and unsuccessful diligence used by the creditor to collect the claim from the principal, unless it appears that all diligence would be hopeless.    But the law adds or implies no such conditions where the parties themselves fix the terms of the contract : Campbell v. Baker, 46 Pa. 243 ; Ritchie v. Walter, 166 Pa. 604.

The rule regarding notice of the acceptance of a guaranty and of an intention to act under it applies only in those cases where, in legal effect, the instrument is merely an offer or proposal, acceptance of which by the guarantee is necessary to that mutual assent, without which there can be no contract: Davis v. Wells, Fargo Co., 104 U. S. 159.

Notice of acceptance will be presumed from circumstances which show that the guarantor had actual knowledge of the fact that the creditor has acted upon the guaranty: Bank v. Carpenter, 41 Iowa, 518 ; Adams v. Jones, 37 U. S. 207.

OPINION BY PORTER, J., October 17, 1904 :

This action was brought by the plaintiff to recover the price of two lots of goods which had been sold to H. L. Trumbore, under two contracts dated, respectively, May 24, 1902, and September 17, 1902. The defendant, on the day on which each of said sales were made, executed contracts in writing in the following form, which were upon said days delivered to the plaintiff : " For and in consideration of one dollar to the undersigned in hand paid by the American Radiator Company the receipt whereof is hereby acknowledged, and the acceptance by said company of the order hereinafter referred to, the undersigned hereby guarantees the payment by said H. L. Trumbore to said American Radiator Company of the sum of four hundred dollars ($400), being for boilers, radiators, specialties, etc., as specified in the order and this day given to said company by said H. L. Trumbore, said payment to be made within sixty days from date of shipment of said material ; and in case said H. L. Trumbore fails to make the payment aforesaid when due, the undersigned agrees to make payment of said sum at the time aforesaid as though primarily liable, and hereby waives all right to notice of any kind on account of default in payment by said H. L. Trumbore." The contract of September 17, 1902, was in the same words, but the amount of the purchase was specified as $266.34. The statement of the plaintiff averred the sale and delivery of the goods to Trumbore, and the date of the several shipments thereof ; and that before the goods were shipped the plaintiffs had received and accepted the said " special guaranties " made by the defendant, said contracts being in each instance set forth at length.

The parties filed the following agreement in writing : "It is hereby agreed that the plaintiff company sold and delivered to H. L. Trumbore, the goods and chattels mentioned in the plaintiff's statement for the prices therein set forth, and that no part of the same was paid by H. L. Trumbore. . . . This agreement is made for the purpose of facilitating the trial of the above mentioned case." This agreement was sufficient to establish that as between the plaintiff and Trumbore the contract had been substantially performed. The offer of the defendant to testify as to what Trumbore had told him, in the absence of any representative of the plaintiff, as to the time within which the goods were to be delivered was properly excluded, being unaccompanied by any offer to show that the plaintiff had notice that such representation had been made : Johnston v. Patterson, 114 Pa. 398. The defendant offered no competent evidence which tended to establish that the plaintiff had agreed to deliver the goods within any specified time. There was no evidence which even remotely tended to show that the plaintiff and Trumbore had changed the terms of the contract for the performance of which upon the part of Trumbore the defendant had become bound. The utmost that could be asserted under the evidence was that there had been some delay in the delivery of part of the goods. The original contract having remained unchanged, and the plaintiff having shown complete performance, the defendant was not released from his obligation by merely showing that there had been some delay in the completion of the work, without attempting to show that he had been specially prejudiced by the delay. The defendant would have been entitled to a deduction from the contract price had he proved that his principal had been damaged by unreasonable delay on the part of the plaintiff, but he offered no competent evidence from which a jury ought to have been permitted to find that the right to such damages had accrued.

The contention of the appellant that he was entitled to notice from the plaintiff that it had accepted him as surety or special guarantor upon these contracts is without merit. He had, under the undisputed facts of this case, all the notice to which he was entitled. He testified that he had received a letter from the plaintiff dated July 11, 1902, which was offered in evidence and, being unambiguous, its meaning was for the

court. That letter was unequivocal notice to the defendant that the plaintiff looked to him for payment under the contract of May 24, 1902, and that payment for the goods sold under that contract had not been provided for in any other manner. The defendant with full notice that he was being thus looked to for payment made no objection, and on September 17, following, signed the second contract involved in this proceeding. He testified that on September 19, 1902, two days after the last contract was signed he wrote a letter to the plaintiff, which being offered in evidence, shows a clear admission that he was liable on the contract of May 24, 1902, and at the same time urges the plaintiff to expedite the completion of the goods provided for in that contract. In this letter the defendant states that he has, at Trumbore's request, signed another contract " for goods from your people," referring to the contract of September 17, and declares that he will sign no more " until you people perform your part of the contract." He testified that in reply to this last letter he had received a letter from the plaintiff dated September 23, 1902, which was also offered in evidence. This letter of the plaintiff explains the causes of the delay in the completion of the delivery of the goods under the first contract, and in this the plaintiff informs the defendant that " we will at all times endeavor to fill promptly such orders as we may have the pleasure of receiving from Mr. Trumbore, payment for which has been guaranteed by yourself." A guarantor who has been notified that his contract of guaranty has been accepted and that goods are being delivered upon the faith of it, and subsequently by positive declarations encourages the party acting upon· the faith of the guaranty to continue the delivery of the goods, cannot afterwards be heard to assert that notice of the acceptance of his guaranty was not given in time.

The word guaranty was used in these contracts in its popular and not in its technical sense, as clearly appears from the express covenant of the defendant ; " and in case said H. L. Trumbore fails to make the payment aforesaid when due,. the undersigned agrees to make payment of said sum at the time aforesaid as though primarily liable." This contract created a direct liability of the defendant to the plaintiff, for the act to be performed by Trumbore, and was not a mere guaranty of

the ability of the latter to perform the act.  This was a contract of suretyship: Sherman v. Roberts, 1 Grant, 261 ; Campbell v. Baker, 46 Pa. 243 ; Reigart v. White, 52 Pa. 438; Woods v. Sherman, 71 Pa. 100 ; Riddle v. Thompson, 104 Pa. 330.   The covenant was broken by nonpayment at maturity ; and the defendant was liable to the plaintiff, who was not bound either to pursue the principal or show his insolvency.

The judgment is affirmed.