Opinion by
Morrison, J.,
In this action of assumpsit the single question, as stated by the learned court below, and counsel for appellant and for appellee, is whether the appellant became surety or guarantor for one John Guensch, by the following written instrument: “To whom it may concern, this is to certify that the undersigned faithfully agrees to act as security in behalf of John Guensch, of Tamaqua, Penna., who acts as agent for sale of product as manufactured by the Columbia Baiting and Manufacturing Company for the amount of one hundred dollars ($100.) said Mr. John Guensch to have exclusive right to territory known as Tamaqua and vicinity. Signed this 11th day of November, in the year of our Lord, nineteen hundred and three. J. S. Schissler (Seal). Warren F. Emerick, Witness.” It appears that the appellee constituted and appointed John Guensch its agent in Tamaqua on November 10, 1903, and the above-quoted paper was executed by the appellant on the next day.
The writing in question is not an undertaking to become surety for the payment of any stated or special liability of *623 Guensch then existing, but a guaranty or offer to become liable “to whom it may concern,” for the sum of $100, clearly a liability to accrue in the future. The learned court below reserved the question “whether there is any evidence which entitles the plaintiff to recover,” and subsequently granted judgment in favor of the plaintiff on the verdict, which the court had directed, and overruled the motion for judgment in favor of the defendant non obstante veredicto. The single error assigned is this action of the court.
We have examined with considerable care the cases cited by the learned court, in the opinion filed, and we do not think they sustain his conclusion that the paper constituted a surety-ship. His first case is Riddle v. Thompson, 104 Pa. 330, but that case is not in point. In it the assignors of a judgment in the very paper assigning it, said: “For value received we assign this judgment to Samuel L. Riddle, Sr., and guaranty payment thereof in one year from this date, January 8, 1878.” Held, that the assignors were not guarantors, but sureties, and that a valid extension of time without their consent discharged them from liability. It seems very plain, to us, that the present case is widely different from that one.
The next case is Ashton v. Bayard, 71 Pa. 139. That was a duebill, “Due on demand, after sixty days, to C. P. Bayard or order, one hundred shares of Schuylkill Navigation Preferred stock. Stephen Coulter, Philadelphia, October 25, 1864.” “I hereby become the security of S. Coulter, for the fulfilment of the within obligation. S. K. Ashton, October 25, 1864.” Held, to be an original undertaking by Ashton, and Bayard might recover without proving diligence to pursue Coulter. The next is Brewery Co. v. Thomeier et al., 2 Pa. Superior Ct. 345, but that was a distinct written guaranty, given to the plaintiff, by the defendant, to the amount of $500, and it contained the following: “This is intended as a continuing security, and is to bind us to an indebtedness or liability accruing from time to time until we give, or either of us gives, written notice that it shall not be binding for further indebtedness or liability.” This was held to be an undertaking of suretyship, and the reason for this is very apparent. It was *624 a sealed instrument, delivered to a special party and for a specified purpose and amount.
The next is Watson et al. v. Porzel et ah, Executors, 158 Pa. 513, but that was founded on a letter, written by the defendant’s testator to the plaintiffs, and it was held to be evidence of an original undertaking by defendant’s testator to pay for the goods therein specified upon their delivery to J. A. Miller.
The next case is Allen v. Hubert, 49 Pa. 259. That was a lease dated November 5, 1861. The question was the liability of the defendant, either as guarantor or as surety. The language was: “For consideration received, I hereby agree to become security for the faithful performance of the above agreement. Witness my hand and seal, the day and year last above ’written. L. Hubert (Seal).” The defendant’s liability was held that of suretyship. In the opinion, Strong, J., said: “The case is not to be distinguished from Marberger v. Pott, 16 Pa. 9. In both cases, the form of the contract was that of an original and absolute liability.” This seems to be the criterion. Where the undertaking is original and absolute it cannot be less than suretyship.
The next is Speers v. Knarr, 4 Pa. Superior Ct. 80, but that is where a vendor delivered lumber to another at the special request of the defendant and on his promise, as found by the jury, to pay for it. Held, not to be a guaranty and not within the statute of frauds. The next is Marberger et al. v. Pott, 16 Pa. 9. That was an engagement indorsed on a promissory note, under seal, for $500, of the same date with the note as follows: “I hereby acknowledge to be security for the within amount of $500, until satisfactorily paid by Wm. Audenried.” Held, to import the liability of a surety, and not that of a guaranty.
The court also cites Reigart v. White, 52 Pa. 438. In that case Emory having contracted for goods, to be paid for in nails, Reigart wrote to the seller, “If you have not shipped the goods, ship immediately and I will be responsible for the delivery of the nails by Emory.” Held, to be an agreement to be responsible for the delivery of the nails, not for Emory’s ability to deliver. “Guaranty is an engagement to pay on a debtor’s insolvency, if due diligence be used to obtain payment. *625 In suretyship, the surety assumes to perform the contract of the principal if he should not; in guaranty the guarantor undertakes that the principal is able to perform it.”
We do not understand the above cases and others in the-same line, cited by counsel for appellee, to control the undertaking in the case at bar. They are all plain cases of surety-ship, or original undertakings. An examination of each one of them shows that it was an undertaldng to pay a definite sum to a definite person and in most of them the sum was actually fixed at the time the obligation of surety was assumed.
We hold the paper in question to be a' guaranty of a future liability to be incurred by John Guenseh. In other words, it was an offer to guarantee him to the amount of $100, and the appellant was not liable thereon, until after notice from the appellee. It does not appear in the present case that Guenseh owed the appellee a cent when the appellant executed and delivered the paper in question.- Therefore, if appellee extended credit to Guenseh thereafter and intended to look to appellant on his guaranty, he was entitled to notice: Coe & Richmond v. Buehler, 110 Pa. 366; Gardner to use v. Lloyd, 110 Pa. 278. “Except in cases of absolute guaranty, accepted when given, notice of acceptance is necessary to fix the liability of the guarantor. Such notice is necessary, even if the guaranty is made at the request of the guarantee:” Evans & Co. v. McCormick, 167 Pa. 247. In that case plaintiff telegraphed the defendant: “Bierly’s purchases amount to about $700. Will you guarantee payment?” Three days later defendant telegraphed plaintiff: “I will guarantee payment of Bierly bill.” Plaintiff sold and delivered goods to Bierly without notifying defendant of the acceptance of the guaranty. Held, that defendant was not liable on the guaranty.
If we are correct in our conclusion that- the appellant’s undertaldng was that of guaranty, then the case of Acme Mfg. Co. v. Reed, 197 Pa. 359, is conclusive that the court erred in entering judgment against the appellant. In American Radiator Company v. Hoffman, 26 Pa. Superior Ct. 177, we held that although the contract used the word guaranty, it amounted in law to a contract of suretyship. But an examination of the *626 writing in that case shows a marked difference between it and the undertaking of the appellant in the present case. In the former, the so-called guarantor specifically agreed to pay a fixed sum at a fixed date as though he were primarily liable, and he waived all right to notice of any kind on account of default in payment by the principal debtor.
In the present case, John Guensch owed the appellee nothing when the appellant signed the guaranty of November 11, 1903.
It was no more than an offer to guaranty someone, perhaps the plaintiff, to the amount of $100, and the appellant did not become legally liable thereon without notice that the appellee had accepted him as guarantor, and had or would extend credit to Guensch on account thereof. There is not a particle of evidence in the case of any such notice. We therefore conclude that the appellee failed to make a case and the learned - court erred in not entering judgment on the reserved question in favor of the defendant: Murphey v. Phila. Transit Co., 30 Pa. Superior Ct. 87.
The assignment of error is sustained, judgment reversed, and judgment is here directed to be entered in favor of the appellant non obstante veredicto.