# Hartley Silk Manufacturing Company *v.* Berg, Appellant.

*Contract—Consideration—Principal and surety—Seal—New York contract.*

1. A contract of suretyship is based upon a good and sufficient consideration both under the laws of Pennsylvania and New York where it appears that the contract was under seal, and that the person receiving the guaranty delivered merchandise upon the strength of it to the principal, and would not have sold the merchandise unless the account had been guaranteed by the surety.

*Principal and surety—Guaranty—Notice of acceptance—Conflict of laws—New York law.*

2. Where a contract of guaranty for the payment of goods to be sold to the principal is sent to New York and accepted in the latter state, and the goods are shipped from New York to Pennsylvania under the guaranty, the contract is a New York contract, and it is not necessary for the person receiving the guaranty to give notice to the guarantor of the acceptance of the offer of guaranty. In such a case the Pennsylvania rule requiring notice of acceptance of the guaranty is not applicable.

3. Where a person uses the post to make an offer the post office becomes his agent to carry the offer, the offer is not made when the letter is posted, but when it is received.

4. If an offer of guaranty is made in one state and accepted in another, it is a contract of the latter state and governed by the laws thereof.

5. The courts in Pennsylvania will follow the decisions of the courts of foreign states, not only as to the interpretation of their statutes, but as to their common law as well.

*Principal and surety—Guaranty—Construction—Distinction between guaranty and suretyship.*

6. It is the definiteness of the terms relative to the time and manner of the performance, rather than the use of any particular word or words which controls the question of whether an obligation is a guaranty or suretyship.

7. An agreement, which although styled a guaranty, covenants to pay any balance due up to a certain amount on goods sold to the principal, if the latter shall not pay the same when due, constitutes a contract of suretyship, and not of guaranty.

Argued Oct. 4, 1911. Appeal, No. 287, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co.,

420 HARTLEY SILK MFG. CO. *v.* BERG, Appellant.

March T., 1910, No. 3,271, for plaintiff on demurrer in case of The Hartley Silk Manufacturing Company v. David Berg. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Demurrer to statement of claim.

The facts are set forth in the opinion of the Superior Court.

The court overruled the demurrer and subsequently entered judgment for plaintiff for $568.71.   Defendant appealed.

*Error assigned* was in overruling demurrer and entering judgment for plaintiff.

*Joseph H. Sundheim*, with him *Leo. G. Bernheimer*, for appellant.—The contention of the defendant is that the letters from himself to plaintiff are merely an offer to guarantee such an account, which being unaccepted, did not make a binding contract between plaintiff and defendant: Key v. Allen, 9 Pa. 320; Evans v. McCormick, 167 Pa. 247; Acme Mfg. Co. v. Reed, 197 Pa. 259; Columbia Baking & Mfg. Co. v. Schissler, 35 Pa. Superior Ct. 621; Gardner v. Lloyd, 110 Pa. 278.

Whether the letters in this case were intended to be a surety or guaranty must be gathered from the entire letters and pleadings and not from any particular word or words used: Reigart v. White, 52 Pa. 438; Isett v. Hoge, 2 Watts, 128; Mizner v. Spier, 96 Pa. 533; Nat. B. & L. Assn. v. Lichtenwalner, 100 Pa. 100; Lloyd v. Thayer, 2 W. N. C. 291; Seiple's App., 11 W. N. C. 392; Camden & Atl. R. Co. v. Pennypacker, 21 W. N. C. 118.

The second letter written by defendant to plaintiff was without consideration as there was no previous liability: Martin's Est., 5 Pa. C. C. Rep. 555; Heiskill v. Winpenny, 1 W. N. C. 146; 20 P. & L. Dig. of Dec., col. 35,520.

*Percival H. Granger*, with him *J. Howard Reber*, for

appellee.—Credit given to the third person is a good consideration for the guarantee of his debt: Brewster v. Silence, 8 N. Y. 207; Beakes v. DaCunha, 126 N. Y. 293 (27 N. E. Repr. 251); Williams v. Marshall, 42 Barb. 524.

The contract was a New York contract, and governed by the New York law: Hamilton v. Ins. Co., 5 Pa. 339; Adams v. Lindsell, 1 B. & Ald. 681; Whiting Mfg. Co. v. Nat. Bank, 15 Pa. Superior Ct. 419; Milliken v. Pratt, 125 Mass. 374; Baum v. Birchall, 150 Pa. 164; Union Nat. Bank v. Chapman, 169 N. Y. 538; Bell v. Bruen, 42 U. S. 169; Poughkeepsie Nat. Bank v. Phelps, 86 N. Y. 484; Union Bank v. Coster, 3 N. Y. 203; Penna. Coal Co. v. Blake, 85 N. Y. 226; Douglass v. Howland, 24 Wend. (N. Y.) 35.

The courts of Pennsylvania will follow the decisions of the courts of the foreign state: Levy v. Levy, 78 Pa. 507; Forepaugh v. D., L. & W. R. R. Co., 128 Pa. 217; Waverly Nat. Bank v. Hall, 150 Pa. 466.

The fact that the time of default was fixed in the agreements makes them suretyships: Campbell v. Baker, 46 Pa. 243; McBeth v. Newlin, 15 W. N. C. 129; Roberts v. Riddle, 79 Pa. 468; Drake v. R. R. Co., 21 W. N. C. 122.

The use of the word "guarantee" is immaterial: Woods v. Sherman, 71 Pa. 100; American Radiator Co. v. Hoffman, 26 Pa. Superior Ct. 177.

In construing agreements of this character the courts incline towards suretyship: Reigart v. White, 52 Pa. 438; Pittsburg Construction Co. v. R. R. Co., 227 Pa. 90; Campbell v. Baker, 46 Pa. 243; Woods v. Sherman, 71 Pa. 100.

If the agreements constitute agreements of suretyship, no notice of acceptance was required: Reigart v. White, 52 Pa. 438; Evans v. McCormick, 167 Pa. 247; Acme Mfg. Co. v. Reed, 197 Pa. 359; Columbia Baking & Mfg. Co. v. Schissler, 35 Pa. Superior Ct. 621; Isett v. Hoge, 2 Watts, 126; Mizner v. Spier, 96 Pa. 533.

OPINION BY MORRISON, J., December 11, 1911:

In this action of assumpsit the plaintiff declared against the defendant as guarantor, basing the liability of the latter on the sale and delivery of goods, wares and merchandise to the Superior Manufacturing Company of Philadelphia, Pa., and the following letters mailed by the defendant to the plaintiff at No. 487 Broome street, New York city, where the latter company was then engaged in business. The first of said letters was as follows: "The Hartley Silk Manufacturing Co., Gentlemen: Confirming the conversation of the Superior Mfg. Co. with your representative, Mr. Hirschfield, permit me to state, that, if you will extend credit to the Superior Mfg. Co., from time to time so that any balance due shall not exceed the sum of Five Hundred dollars ($500), I will guarantee the payment thereof, should the said Superior Mfg. Co. not pay the same when due. This guarantee covers the period of one year from April 5, 1909 to April 5, 1910. Witness my hand and seal, this 5th day of April A. D. 1909. David Berg, L. S."

The execution of this letter was duly acknowledged before a Philadelphia notary public on April 5, 1909.

The second letter was as follows: "Philadelphia, Penna. U. S. A. August 3, 1909. The Hartley Silk Manufacturing Company, 487 Broome street, New York. Dear Sirs: I have just learned that the Superior Manfg. Company, whose account I have guaranteed up to the amount of $500, wish to increase their account with you to the extent of $1200. I beg to advise you that this is entirely satisfactory to me and I hereby guarantee their account for $700 additional making the full amount of the guaranty $1200.

" Trusting this is satisfactory to you, I remain. Yours truly, David Berg."

To the first declaration the defendant demurred and on argument the court below sustained the demurrer with leave to the plaintiff to file an amended declaration which was done, and to this the defendant filed a second de-

murrer which the court overruled and then granted a rule on the defendant to file an affidavit of defense within fifteen days, and on due notice of this rule the defendant declined to file an affidavit of defense and for his default judgment was regularly entered and liquidated against him for the full amount of plaintiff's claim. This judgment is in all respects regular and valid, unless the court erred in not sustaining the demurrer to the amended declaration.

A careful consideration of the arguments of the respective counsel and the authorities cited, with others, has convinced all of the judges who sat at the argument that the court committed no error in overruling the said demurrer and granting judgment against the defendant. This conclusion is reached on two controlling grounds: (a) The undertaking of the defendant in his two letters to the plaintiff was in law that of surety, instead of a guarantor, notwithstanding the fact that he used the word "guarantor" in said letters; (b) but if his undertaking was in strictness that of a guarantor, it was made in the state of New York where the plaintiff was doing business and where it received the defendant's letters and accepted them and shipped the goods to the Superior Manufacturing Company in Philadelphia, thus making the defendant's contract a New York contract, and under the law of that State it was not necessary for the plaintiff to notify the defendant that his guaranty was accepted and that the plaintiff would ship the goods to Philadelphia as directed. If the above propositions are sound in law the defendant has no just ground of complaint and his appeal is without merit; so also if either one of said propositions is good law.

The defendant assigned nineteen reasons for demurrer but they may be considered under four heads as follows, to wit: 1. The guarantees marked exhibits "A" and "B" are without consideration.  2. No acceptance or notice of acceptance of said guarantees was given to the defendant, and, therefore, they do not constitute a contract

under the laws of Pennsylvania. 3. Even if the facts and writings averred constitute a contract said contract is governed by the laws of Pennsylvania and not by the laws of New York. 4. The amended statement does not properly aver the law of New York and show when or how the offers of guaranty were accepted. We will consider these points in their order.

1. The first writing, from the defendant to the plaintiff, dated April 5, 1909, is under seal and is duly acknowledged and it is a well-known principle of law that a seal imports consideration. But in addition to this, the Superior Manufacturing Company obtained a benefit based on the defendant's letters to the plaintiff, viz., the possession of the merchandise with an extension of credit therefor by reason of the defendant's guaranty, and the amended statement avers that the plaintiff would not have sold said merchandise unless the account had been guaranteed by the defendant. This is a good consideration under the laws of Pennsylvania, but the statement avers that the guarantees in question were accepted in New York and were a New York contract. It cannot be doubted that under the law of the latter state there is sufficient consideration to support said guaranty. In 20 Cyc. 1415, n., it is said: "Credit given to the third person is a good consideration of a guaranty of his debt," citing Brewster v. Silence, 8 N. Y. 207. Moreover, the amended statement avers that the goods were shipped in reliance upon defendant's guarantees and would not have been shipped if said guarantees had not been made. In 20 Cyc. 1415, it is also said: "The fact that on the strength of his guaranty the guarantee has parted with money or property which passed to a third person is sufficient to bind the guarantor; his promise is founded upon the consideration existing between the principal parties." Citing many New York cases: 20 Cyc. 1416, n. "The delivery of merchandise to a third person on the faith of a guaranty of payment is a sufficient consideration for the guaranty:" Beakes v. De Cunha, 126 N. Y. 293, 27 N. E. Repr. 251;

Williams v. Marshall, 42 Barb. 524. Upon these authorities we may safely rest the question of consideration.

2. As to the question of acceptance it must be admitted that the authorities cited by appellant's counsel under the law of Pennsylvania sustain the position that it is necessary in case of a technical guaranty for the creditor to notify a guarantor that his offer is accepted. If the agreements in question constitute a guaranty in the technical sense of the word and not a suretyship, it is evident that the plaintiff must show notice of acceptance to entitle it to recover, provided the offers were accepted and the contract was a Pennsylvania contract. But the amended statement avers that the plaintiff was doing business in New York city and that the defendant sent the guarantees (both dated at Philadelphia) to the plaintiff in New York city; that the guarantees were accepted by the plaintiff in the latter city; that the goods were shipped from that city to the Superior Manufacturing Company in Philadelphia; that the contracts between the plaintiff and defendant were New York contracts and that "under the laws of the state of New York regarding contracts of this character it was not necessary for the plaintiff to give notice to the defendant that it had accepted the defendant's offers." It is contended earnestly by appellant's counsel that the above averment that it is not necessary for the plaintiff to give notice to the defendant of its acceptance is not sufficiently averred as a fact. In our opinion, the language above quoted is a sufficient averment of a fact. It is difficult for us to see how a multiplicity of words could state any clearer the fact that under the law of New York a guarantor is bound without receiving notice from the other party of the acceptance of his guaranty. The letters of the defendant upon which the plaintiff founds its claim were sent from Philadelphia to the plaintiff in New York by mail and this amounted to the same thing, in substance, as if the defendant had personally gone to New York and handed them to the plaintiff. In other words, said offers were actually made

in New York city where the plaintiff received the letters and when the goods were shipped the contract became complete as a New York contract.

"An offer to contract, communicated by post, must be considered as continually made until it reaches the other party. If he accepts before knowledge of a retraction of the offer, the contract is binding," per GIBSON, C. J., in Hamilton v. Lycoming Mutual Ins. Co., 5 Pa. 339; see also Boyd v. Merchants and Farmers Peanut Co., 25 Pa. Superior Ct. 199, 204. An offer is not actually made until the letter is received. In 9 Cyc. 294, it is said: "Where a person uses the post to make an offer, the post office becomes his agent to carry the offer. The offer is not made when the letter is posted but when it is received, and the offerer must suffer the consequences arising from delay or mistake on the part of the post office." Citing the English case of Adams v. Lindsell, 1 B. & Ald. 681. This English case is referred to with approval by Mr. Justice GIBSON in Hamilton v. Lycoming Mutual Ins. Co., 5 Pa. 339. The defendant by sending the guaranty to New York must have intended that the contract should have its conception in that state and be governed by its laws.

In Whiting Mfg. Co. v. Bank, 15 Pa. Superior Ct. 419, we held: "An order for goods accepted in New York where the goods were delivered to the purchaser establishes a New York contract governed by the lex loci." We think this rule would apply where a promise to guaranty an account is sent from a person in Philadelphia to one in New York. It is conceded that the plaintiff shipped the goods from New York and in the absence of anything to show the contrary, the title to the same would pass from the plaintiff to the Superior Manufacturing Company when the goods were delivered to a common carrier in New York. See also 9 Cyc. 670. In 20 Cyc. 1442, it is said: "A contract of guaranty is presumed to have been made where the last assent or act necessary to its execution as a contract takes place." "So if an offer of guaranty is

made in one state and accepted in another it is held to be a contract of the latter state and governed by the laws thereof." Citing Milliken v. Pratt, 125 Mass. 374, 28 Am. Rep. 241. See also Baum v. Birchall, 150 Pa. 164; Healy v. Bldg. & Loan Assn., 17 Pa. Superior Ct. 385. The Massachusetts case of Milliken v. Pratt is also followed in New York state. See also Union Nat. Bank v. Chapman, 169 N. Y. 538; Richardson v. Draper, 23 Hun (N. Y.), 188. If the agreements on the part of the defendant were governed by the New York law, and said law is properly pleaded, it is not necessary to cite New York authorities to show that no acceptance was required, for the reason that this is admitted by the demurrer. But in 20 Cyc. 1407, it is said: "Where the transaction is not merely an offer to guaranty the payment of debts and amounts to a direct promise of guaranty, all that is necessary to make the promise binding, is that the promisee should act upon it. He need not notify the promisor of his acceptance." In Poughkeepsie National Bank v. Phelps, 86 N. Y. 484, it is held an absolute guaranty and no notice of acceptance required. To the same effect is Union Bank v. Coster, 3 N. Y. 203, 53 Am. Dec. 280; Penna. Coal Co. v. Blake, 85 N. Y. 226.

It is well settled that the courts in Pennsylvania will follow the decisions of the courts of the foreign states not only as to the interpretation of their statutes but as to their common law as well: Levy v. Levy, 78 Pa. 507; Forepaugh v. Railroad Co., 128 Pa. 217; Waverly Nat. Bank v. Hall, 150 Pa. 466.

3. But in our opinion the undertakings of the defendant were suretyships and not guarantees in its technical sense. The defendant guaranteed the payment of the bills of the Superior Manufacturing Company if it did not pay the same when due. In Campbell v. Baker, 46 Pa. 243, the distinction is quite plainly drawn between a guaranty and a suretyship. It is there stated in the syllabus: "The guaranty of the payment of a note when due is broken by nonpayment at maturity; and the guarantor is then

liable upon his contract to the creditor, who is not bound either to pursue the principal or show his insolvency." See also Roberts v. Riddle, 79 Pa. 468. To the same effect is Riddle v. Thompson, 104 Pa. 330. In American Radiator Co. v. Hoffman, 26 Pa. Superior Ct. 177, we held as stated in the syllabus: "An agreement which although styled a guaranty covenants that in case the principal 'fails to make the payment aforesaid when due, the undersigned agrees to make payment of said sum at the time aforesaid as though primarily liable,' constitutes a contract of suretyship and not of guaranty." In McBeth v. Newlin, 15 W. N. C. 129, TRUNKEY, J., said: "When the contract defines the time of default when the surety is to pay, or see the debt paid, it is one of suretyship."

In the modern case of Iron City National Bank v. Rafferty, 207 Pa. 238, it was held as stated in the syllabus: "Where two officers of a corporation indorse on the company's demand note the following words: 'For value received, we hereby guarantee the prompt payment of the within note,' and follow the words with their signatures, they are liable as sureties, and not as guarantors on the indorsement."

In construing agreements of the character of those contained in the defendant's letters the courts incline toward suretyship, or special guaranty amounting to suretyship. In Supplee v. Herrman, 16 Pa. Superior Ct. 45, we held that, "A contract to be responsible to a lessor for the true and faithful performance of a lease on the part of the lessee is a contract of suretyship." In 20 P. & L. Digest of Decisions, 35,516, a large number of cases are cited drawing the distinction between guaranty and suretyship, the substance of which authorities establish the principle that the definiteness of the terms relative to the time and manner of performance, rather than the use of any particular word or words control the question of whether the obligation is guaranty or suretyship, and in construing the defendant's undertaking, as evidenced by the two

letters above quoted, we are of the opinion that he became a surety and not technically a guarantor.

The learned counsel for defendant have cited many Pennsylvania cases which clearly hold that in case of technical guaranty notice of the acceptance of the same must be given. Among these are our own case of Columbia Baking & Mfg. Co. v. Schissler, 35 Pa. Superior Ct. 621. But that case is plainly distinguishable on its facts from the present one and rightly understood there is nothing in it supporting the defendant's contention that his undertaking was strictly that of a guarantor. But inasmuch as the defendant's contract was made in New York he is bound whether the contract was suretyship or guaranty.

4. The question raised under this head that the statement does not properly aver the law of New York and show when or how the offers of guaranty were accepted, has, in our opinion, already been sufficiently considered and we do not think it necessary to prolong this opinion by further discussion or citation of authorities. We think the amended declaration does sufficiently aver the acceptance of the defendant's guaranty in New York and the shipment of the goods claimed for in this suit to the Superior Manufacturing Company in Philadelphia, and the defendant by demurring has admitted these averments of fact.

But the learned counsel for defendant contend that the plaintiff could not recover because the declaration did not aver suretyship but a guaranty. We do not see much force in this contention. The pleader properly followed the language used by the defendant in the two letters, exhibits "A" and "B," which we have concluded, considered together, constitute suretyship. The real question is, not what the defendant named his undertaking, but what is the meaning of his promises evidenced by said exhibits. A technical guaranty is that the debtor will be able to pay and this involves a diligent effort of the creditor to collect from his debtor before he can proceed against the guarantor. But in suretyship the surety

agrees to pay the plaintiff's claim against his debtor, when due, if the latter does not pay, and this involves no effort to collect from the principal debtor.  In the books there are many cases where the promisor uses the word guaranty in its popular sense which the courts determine, from the language used, is suretyship and not technical guaranty.

We may add that by refusing to file an affidavit of defense the defendant stands admitting that he has no defense to the plaintiff's claim, except an alleged technical one, and in our opinion, he does not convict the court below of reversible error in overruling his demurrer, granting him an opportunity to file an affidavit of defense and thereafter granting judgment against him.

The assignments of error are all overruled and the judgment is affirmed.