# Manufacturers Light & Heat Company *v.* Thompson, Appellant.

*Principal and surety—Agreement to pay for gas—Gas used by tenant—Acceptance of promise.*

Where a landlord writes to a gas company that his tenant, whom he names, as the occupant of a particular house, is now using the gas of the company and states that the tenant is. responsible for his bills, "and in case of his failure to pay the same, I will pay them for him," such writing signed by the landlord is a contract of suretyship and needs no formal notice of acceptance by the gas company.

Argued April 16, 1913.   Appeal, No. 41, April T., 1913, by defendant, from order of C. P. No. 4, Allegheny Co., First Term, 1912, No. 176, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The Manufacturers Light & Heat Company *v.* W. H. S. Thompson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a contract.   Before CARNAHAN, J.

The opinion of the Superior Court states the facts.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*George C. Bradshaw,* for appellant.—The contract was one of guaranty and notice of acceptance was necessary: Kearnes v. Montgomery, 4 W. Va. 29; Strohecker v. Farmers' Bank, 6 Pa. 41; Isett v. Hoge, 2 Watts, 128; Mizner v. Spier, 96 Pa. 533; Zahn v. First Nat. Bank of Lancaster, 103 Pa. 576.

*Elias Sunstein,* with him *A. Leo Weil, Charles M. Thorp* and *S. Leo Ruslander,* for appellee, cited: Hartley Silk Mfg. Co. v. Berg, 48 Pa. Superior Ct. 419.

OPINION BY ORLADY, J., October 13, 1913:

The plaintiff was a corporation engaged in selling and

distributing natural gas.   One A. B. Johnson was a tenant of the defendant, and while in possession of the demised premises made an application to the defendant to supply him with gas for use on the leased property. The statement avers, viz.: "Before accepting the said application and supplying the gas as requested, the plaintiff required that said Johnson obtain the guarantee of some owner of real estate in Allegheny county, Pa., guaranteeing payment of any bill for gas used by said Johnson."   In compliance with this request the defendant sent a letter to the plaintiff as follows: "Gentlemen: A. B. Johnson is a tenant in my house 643 Forest Avenue, Avalon, and is now using gas of your company, I write to say that Mr. Johnson is responsible for his bills, and in case of his failure to pay the same I will pay them for him,—signed, W. H. S. Thompson."   Default was made by Johnson and this action was brought to recover from Thompson the amount due and unpaid by Johnson.

On a rule for judgment for want of a sufficient affidavit of defense the court below entered judgment in favor of the plaintiff, and on this appeal there is but a single question presented for our consideration.   Does the letter written by the defendant constitute a contract of guaranty or of suretyship?   The whole question has been so fully considered by our Brother MORRISON in Hartley Silk Manufacturing Co. v. Berg, 48 Pa. Superior Ct. 419, that it is not necessary to again review the authorities.   There is nothing in the argument of appellant to induce us to change the views expressed in that case, and we agree with the learned court below that the present case is controlled by the one cited.   A formal notice and acceptance of the promise made by Thompson was not necessary in this case as by the words of his letter the tenant was at its date on the premises and with the knowledge of the landlord defendant was using the gas.

The judgment is affirmed.