## Paper House of Pennsylvania v. Frederick.

*Surety and guaranty—Practice, C. P.—Plaintiff's statement—Sufficiency.*

Defendant, general manager of a corporation, forwarded the following telegram to plaintiff: "Directors meeting prevented call call us nine thirty long distance we want to make contract for weekly shipments of paper I personally guarantee thirty day payment and we want to have carload shipped at once phone without fail for instructions." In pursuance of the request, plaintiff sold paper to the corporation, which became insolvent. Plaintiff thereupon sued defendant as guarantor and filed a statement of claim containing averments of the above facts. On statutory demurrer: *Held*, (1) That an averment that plaintiff had used due diligence to recover from principal was not necessary; (2) that it was unnecessary to allege that defendant had accepted the guaranty; and (3) that the position that the statement did not reveal a consideration for the guaranty was untenable.

*Quære.* Whether the contract was one of guaranty or suretyship.

Statutory demurrer to plaintiff's statement. C. P. Lehigh Co., Oct. T., 1924, No. 116.

*Rockmaker & Nieman*, for plaintiff; *Groman & Rapoport*, for defendant.

RENO, P. J., Dec. 1, 1924. — The plaintiff alleges that, on April 19, 1923, while the defendant was the general manager of the Allentown Printing and Publishing Company, a corporation, he forwarded the following telegram to plaintiff: "Directors meeting prevented call call us nine thirty long distance we want to make contract for weekly shipments of paper I personally guarantee thirty day payment and we want to have a carload shipped at once phone without fail for instructions." In pursuance thereof, plaintiff shipped a quantity of paper to the Allentown Printing and Publishing Company, which has since become insolvent and for which a receiver was appointed by the court.

Answering the plaintiff's statement of claim, defendant has filed a statutory demurrer, and contends, first, having failed to allege that it used due dili-

gence to recover from the Allentown Printing and Publishing Company, plaintiff's statement will not sustain a recovery. Unquestionably, in order that a creditor may enforce a contract of guaranty, he must exercise due diligence to enforce payment from the principal, and, consequently, as a general rule, the creditor is bound to bring suit within a reasonable time after the maturity of his claim and to prosecute the same to judgment and execution before an action against the guarantor can be sustained: Hoffman v. Bechtel, 52 Pa. 190; Pattison v. Cobb, 212 Pa. 572. However, where it appears that such proceedings could not have produced beneficial results (Brown v. Brooks, 25 Pa. 210; Kirkpatrick v. White, 29 Pa. 176; National Loan and Building Society v. Lichtenwalner, 100 Pa. 100; National Bank of Chester County v. Thomas, 220 Pa. 360), it is not necessary that the creditor resort to a suit. In any event, whether or not the creditor exercised due diligence is a question for the jury to determine (Rudy v. Wolf, 16 S. & R. 79), and, naturally, that question cannot be determined as a question of law raised by a statutory demurrer.

The second contention of defendant that plaintiff's statement fails to allege that it notified the defendant of its acceptance of the purported guarantee is without merit. It is true that plaintiff does not allege a formal acceptance of the defendant's guarantee, and, quite likely, for the excellent reason that there was no formal acceptance. It is altogether true that one who offers to guarantee the debt of another conditionally is not bound without notice of acceptance (Patterson v. Reed, 7 W. & S. 144), and that a guarantee of future credit does not create a liability on the part of the guarantor unless he have notice of acceptance (Kay v. Allen, 9 Pa. 320; Unangst v. Hibler, 26 Pa. 150; Kellogg v. Stockton, 29 Pa. 460; Acme Manuf. Co. v. Reed, 197 Pa. 359), yet it is likewise held that in the case where the guarantor is present and the agreement to accept is made the moment he offers it, this constitutes sufficient notice of an acceptance: Kay v. Allen, 9 Pa. 320. The purpose of the notice is to enable the guarantor to know the nature and extent of his liability and to exercise due vigilance in guarding himself against losses which might otherwise be unknown to him and to avail himself of the appropriate means in law and equity to compel the other parties to discharge him from future responsibility: Acme Manuf. Co. v. Reed, 197 Pa. 359. So that, even if it cannot be said that the giving of the guarantee and the acceptance of it by the immediate shipment of the goods constituted a simultaneous acceptance of the guaranty, yet the defendant, being the general manager of the concern to whom the goods were shipped, undoubtedly had knowledge of the receipt of the shipment, and having had that knowledge, it was not necessary to plead further and formal notice of the acceptance of the guaranty.

The final contention that the statement does not reveal a consideration for the guarantee is untenable. There was no consideration expressed upon the face of the guarantee. Consequently, to have recited a consideration would have been equivalent to averring a conclusion of law, and this the Practice Act of May 14, 1915, P. L. 483, forbids. A consideration is, of course, necessary to support a contract of guaranty (Hess's Estate, 150 Pa. 346), and it has been frequently held that a benefit to a third person is a sufficient consideration for a promise (Johnston v. Elizabeth Building Ass'n, 104 Pa. 394), and a promise to pay the debt of another is not void for want of consideration where there is some benefit to the obligor or some detriment to the obligee: Harlan v. Harlan, 20 Pa. 303; Russell v. Patterson, 48 Pa. Superior Ct. 571; Bull v. Allen, 11 S. & R. 52; Bald Eagle Valley R. R. Co. v. Railroad Co., 171 Pa. 284. The circumstance that defendant was general manager of the com-

pany affords reason to suppose that some slight benefit accrued to him through the transaction.

The foregoing disposition of this case has been made upon the theory that the telegram constitutes a guaranty. This, however, is not altogether clear. A contract to guarantee payment when the debt becomes due is generally held to be a contract of suretyship and not a guaranty: Hartley Silk Manuf. Co. v. Berg, 48 Pa. Superior Ct. 419; American Radiator Co. v. Hoffman, 26 Pa. Superior Ct. 177. Here a due date is specifically fixed by the telegram. Moreover, if there be any doubt as to whether the instrument was a contract of guaranty or one of suretyship, the doubt must be resolved in favor of the latter: Act of July 24, 1913, P. L. 971. However, at this stage of the proceeding we are not required to determine this question finally. It is enough for present purposes that the statutory demurrer fails to disclose any defects in plaintiff's statement of his cause of action.

Now, Dec. 1, 1924, statutory demurrer is overruled and the defendant will file his affidavit of defence within fifteen days of service upon him of a copy of this order.

From Edwin L. Kohler, Allentown, Pa.