## In Re: McNeil v. O'Donnell

Richard J. Schubert, for plaintiffs.
Frank W. Thompson, for defendant.

DOYLE, J., October 18, 1984—The parties herein are stockholders of Omar Corporation, a West Virginia corporation engaged in strip-mining in that state. On November 1, 1980 all parties executed a personal guaranty* agreement guaranteeing payments due by Omar to Shelton-Witt Corporation (Shelton-Witt), a Virginia corporation which leased mining equipment to Omar.

During March of 1981, Omar defaulted under the lease agreement and the sureties became obligated to Shelton-Witt in the amount of $10,000.

On June 30, 1982, plaintiffs (defendant not having been notified and not being present) settled Shelton-Witt's claim by payment of $7,000 to Shelton-Witt and Shelton-Witt released plaintiffs from liability under the guaranty agreement. Shelton-Witt's interest in the guaranty agreement was simultaneously assigned by Shelton-Witt to

---

* Probably a surety contract.

plaintiffs for the express purpose of permitting plaintiffs to pursue "any action under the said guaranty agreement against Terrence F. O'Donnell which the Assignor may have had."

While the guaranty was executed in West Virginia and the law of that state with respect to sureties and guarantors is accordingly controlling, the law of this Commonwealth does not differ from that of the place where the contract was made or where it was to be performed. Hartley Silk Manufacturing Co. v. Berg, 48 Pa. Super. 419 (1911).

Plaintiffs filed the captioned action on December 20, 1982 asserting that the claim assigned to them by Shelton-Witt was for the balance 'owed" by virtue of the guaranty agreement, viz. $2,500.

The cause of action asserted by plaintiffs is a transparant attempt to circumvent well-established rules of law relative to contribution and restitution. See Restatement, Restitution §85 and Restatement, Security §154. The latter rules of law provide that a co-surety who settled a claim with the creditor for a reduced amount may not deprive a remaining co-surety of the benefit of the settlement.

Accordingly, while a third party, who is not a co-surety, could purchase Shelton-Witt's cause of action against the parties for a reduced sum and enforce it to the full extent of the obligation, the same transaction will not be enforced among the co-sureties.

An apropriate order will be entered.

## ORDER

And now, this October 15, 1984, plaintiffs' complaint is dismissed.