## C. H. Buehler et al., Plffs. in Err., v. Coe & Richmond.

The surety in a bond given by a factor for faithful performance of his duty of accounting for goods to be supplied to him in future is not entitled to notice of acceptance of the services of the factor and that goods have been consigned to him.

(Decided October 5, 1885.)

Error to the Common Pleas of Adams County. Affirmed.

The action was on a bond given by James Bigham as principal obligor, and C. H. Buehler and others, the defendants, as sureties, to Coe & Richmond. The general circumstances under which the bond was given may be gathered from the report of Coe v. Buehler, 110 Pa. 366, 5 Atl. 20. The bond contained recitals to the following effect. "Whereas, the above bounden James Bigham has applied to Coe & Richmond for the agency to sell, on consignment account, fertilizers, etc., manufactured by said Coe & Richmond, etc. And whereas, there is an indebtedness owing by said Bigham to said Coe & Richmond on purchases made by him from them of fertilizers, and in order to liquidate the same, said Bigham has proposed and agreed that

---

NOTE.—The previous action referred to in the report of this case was based upon a guaranty of Buehler, of which no notice of acceptance had been given. The case is reported in 110 Pa. 366, 5 Atl. 20.

if he receives the said agency he will pay over all the commissions or profits received as earned by him, on the sale of said fertilizers, not less than $3 per ton, to Coe & Richmond, on their old account against him, until the same is liquidated. And that he will account, etc., within such reasonable time after such sales are made as may be agreed upon."

The condition was for faithful accounting by Bigham for proceeds of future sales, etc., and also for his making remittances upon his old indebtedness to Coe & Richmond, corresponding substantially to the recitals.

Upon the trial, defendants, the sureties, after offering evidence that the indebtedness of Bigham to Coe & Richmond was not fully disclosed to them when their signatures to the bond were obtained, which evidence the court excluded, offered to show that they had never received any notice from Coe & Richmond that that firm had accepted the bond, or had consigned, or would consign, any goods to Bigham, on the faith of it. But the court excluded this defense also, and directed a verdict for plaintiffs. From the judgment on the verdict, the defendants brought error.

*J. C. Neely* for plaintiffs in error.

*David Wills* for defendant in error.

PER CURIAM:

The recitals in the condition of the bond are fatal to the defense of the plaintiffs in error. They contain clear and express admissions of fact and declarations, which fix the liability of the persons executing the obligation. They became sureties. The evidence given or offered was not sufficient to discharge them from the obligation which they assumed.

Judgment affirmed.