## BARNES CYCLE CO. v. REED.

(Circuit Court, W. D. Pennsylvania. January 3, 1898.)

### No. 1.

GUARANTY—NOTICE OF ACCEPTANCE.

Where a guarantor signs the guaranty without request of the guarantee, and in his absence, for no consideration except future advances to be made to the principal, the writing is a mere proposal, requiring acceptance and notice thereof to the guarantor in order to bind him. The mere recital of a nominal consideration, without stating whether it comes from the guarantee or the principal, does not affect this rule.

This was an action at law by the Barnes Cycle Company against C. M. Reed upon an alleged contract of guaranty. At the trial the court directed a verdict for the defendant, and the case is now heard upon a motion for a new trial.

Fish & Crosby, for plaintiff.
T. A. Lamb, for defendant.

BUFFINGTON, District Judge. This is a motion for a new trial. The court gave peremptory instructions in favor of the defendant, and therein, it is contended, committed error. A careful examination of the authorities has strengthened us in the view taken at the trial of the questions involved, and we are of opinion there was no error in the instructions given. The facts of the case are these: On November 20, 1895, one Schlaudecker entered into a provisional written contract or arrangement with the Barnes Cycle Company, the plaintiff, providing for his acting as that company's agent, and the future ordering of a large number of bicycles from it. This paper contained the proviso that the "contract shall not be considered as binding upon the first party (the Barnes Cycle Company) until approved in writing by the Barnes Cycle Company"; and upon the writing was a printed form for such approval and acceptance by that company. This writing was on February 10, 1896, taken by Schlaudecker to C. M. Reed, the defendant, who then signed his name to an indorsement thereon, which reads as follows:

"In consideration of the execution by the Barnes Cycle Company of the foregoing contract with Leo Schlaudecker, Erie, Pa., and the sum of one dollar, receipt whereof is hereby acknowledged, I hereby guaranty the payment, when the same becomes due, of all sums owing, or which may hereafter be owing, for bicycles and bicycle attachments, sold and delivered by said Barnes Cycle Company to said Leo Schlaudecker under this contract; and, for the like consideration, I further guaranty the performance by said Leo Schlaudecker of all the other provisions of said contract in his part to be performed.
"Dated Erie, Pa., 2/10, 1896.                    Chas. M. Reed."

The paper was subsequently returned by Schlaudecker to the Barnes Cycle Company, which company, on February 15, 1896, approved and accepted the original contract, as follows:

"Syracuse, N. Y., Feby. 15, 1896.
"The above contract is hereby approved and accepted.
                                "The Barnes Cycle Co.,
                                    "By A. R. Peck. [L. S.]"

No notice was given Reed of such signing or acceptance, and there is no evidence that he knew of any goods being furnished to Schlaudecker by the Barnes Company before August, 1896, at which time all deliveries were completed. Thereafter Schlaudecker failed, and, not having paid for the bicycles furnished him, the present suit was brought against Reed upon his said undertaking.

As we view this case, the writing of November 20, 1895, between Schlaudecker and the Barnes Company, was provisional only, and was not to, and did not, become a contract until its approval in writing by the Barnes Cycle Company. In this inchoate, incomplete form, in which it had remained for almost three months after its original signing, it was brought by Schlaudecker to Reed, and, as stated above, the indorsed agreement was signed by the latter.

It will be noted that when thus signed there was no valid, subsisting contract between Schlaudecker and the Barnes Cycle Company. It only became a valid, enforceable contract, as against the Barnes Company, five days later, when that company indorsed its acceptance and approval upon it.

Under the circumstances, we are of opinion that the undertaking of Reed was provisional, and not absolute. The Barnes Company was not bound to accept it, or, indeed, to enter into the contract with Schlaudecker. If it saw fit to contract with Schlaudecker, and accept Reed's offer, we are of opinion it was bound to notify Reed of that fact, and of its acceptance of his offer; for, as we construe Reed's undertaking, the future execution of the contract by the Barnes Company was the consideration for him making his agreement. Hence the necessity for notice. This view of the law is in accord with the authorities, both state and federal. The case of Machine Co. v. Richards, 115 U. S. 527, 6 Sup. Ct. 175, is strikingly in point. It was there said:

"But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract."

We see no difference between that case and the one in hand. Save that in the one at bar, the receipt of a nominal consideration is acknowledged, the facts are quite alike. But this difference should not be controlling, under the circumstances and writings of this case; for that this nominal consideration was paid by the Barnes Company does not affirmatively appear from the writing itself, and its payment by Schlaudecker may be quite as consistently inferred therefrom as its payment by the Barnes Company.

In Davis v. Wells, 104 U. S. 164, the question of the necessity of notice was considered, and, after a full discussion of the prior federal authorities, the court said:

"There seems to be some confusion as to the reason and foundation of the rule, and consequently some uncertainty as to the circumstances in which it is applicable. In some instances it has been treated as a rule, inhering in the very nature and definition of every contract, which requires the assent of a party to whom a proposal is made to be signified to the party making it, in order to constitute a binding promise. In others it has been considered as a rule springing from the peculiar nature of the contract of guaranty, which requires, after the formation of the obligation of the guarantor, and as one of its incidents, that notice should be given of the intention of the guarantee to act under it, as a condition of the promise of the guarantor. The former is the sense in which the rule is to be understood as having been applied in the decisions of this court."

This principle is the ground upon which the Pennsylvania cases of Coe v. Buehler, 110 Pa. St. 366, 5 Atl. 20, and Gardner v. Lloyd, 110 Pa. St. 285, 2 Atl. 562, rest. In the former case the court said:

"The absence of notice of acceptance by the plaintiffs to the defendant is fatal to their claim. When the defendant signed the guaranty it was his proposition only. The contract which he proposed to guaranty had not been executed or accepted by the plaintiffs. True, they did execute it soon afterwards, yet they gave no notice thereof to the defendant."

In the latter the court, after discussing the pertinent Pennsylvania cases, says:

"In all of them the doctrine is enforced that where the event is future, and depends upon the will of the guarantee, he must give notice of acceptance to the guarantor before the latter becomes subject to any liability."

The motion for a new trial is refused.