**FASCO, A. G., Plaintiff,**

v.

**MODERNAGE, INC. and Robert S. Purcell, Defendants.**

**Civ. A. No. 68–631.**

United States District Court,
W. D. Pennsylvania.

April 17, 1970.

Joseph A. Katarincic, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for plaintiff.

John C. Mohan, Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, District Judge:

This is a suit by a foreign corporation against an individual and a corporate citizen of the State of Pennsylvania. The Court has diversity jurisdiction pursuant to Title 28 U.S.C. § 1332(a) (2). Separate causes of action, both founded in contract have been asserted against each of the defendants. On the first cause of action, asserted against defendant Modernage, Inc. for breach of a contract dated November 1, 1966, judgment has been entered in favor of plaintiff and against defendant Modernage, Inc. by Order of this member of the Court dated September 23, 1969.

The second cause of action is asserted by plaintiff against defendant Robert S. Purcell, and is founded upon an alleged guaranty agreement dated January 3, 1967. A non-jury trial has been conducted, and briefs and proposed findings of fact and conclusions of law have been submitted by counsel for the respective parties. Having fully reviewed the record, I am of the opinion that judgment must be entered in favor of plaintiff and against defendant Robert S. Purcell.

The facts are these.

Plaintiff, Fasco, A. G., is a corporation organized under the laws of Liechtenstein, with its principal place of business in Eschen, Liechtenstein. Defendant Modernage, Inc. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. Defendant Robert S. Purcell is a citizen of Pennsylvania and resides at 220 Castlegate Road, Pittsburgh, Pennsylvania 15221. The amount in controversy, exclusive of interest and costs, exceeds $10,000.00.

By a Stock Purchase Agreement dated November 1, 1966, defendant Modernage, Inc. agreed with plaintiff to purchase all of the issued and outstanding shares of capital stock of Financement of Geneva, Inc. for the sum of $170,000.-00, said shares being owned by plaintiff. On November 1, 1966, Samuel Garvin and Robert S. Purcell owned all of the shares of Modernage, Inc., each one owning one-half of the same. At present, defendant Robert S. Purcell is the owner of all or substantially all of the capital stock of defendant, Modernage, Inc., and is the president or chief executive officer of Modernage, Inc.

Under the aforementioned Stock Purchase Agreement, defendant Modernage, Inc. was to pay to plaintiff the sum of $170,000.00 in accordance with the following schedule: (a) $25,000.00 upon execution of the agreement (which sum has been paid); (b) $50,000.00 on or before January 15, 1967 (which sum has been paid but subsequent to January 15, 1967); (c) $25,000.00 on or before January 15, 1968 (which sum has not been paid, and is now past due); (d) $35,000.00 on or before January 15, 1969 (which sum has not been paid, and is now past due); and (e) $35,000.00 on or before January 15, 1970.

It was also agreed by defendant Modernage, Inc., in Paragraph 11 of the Stock Purchase Agreement dated November 1, 1966, that any reduction of the net worth of Financement of Geneva, Inc. to less than 80% of the unpaid principal balance due Fasco, A. G. would constitute an act of default on the part of Modernage, Inc.

Defendant Modernage, Inc. never had any assets, is presently defunct, and is without assets to pay any obligations under the Stock Purchase Agreement dated November 1, 1966. Defendant Robert S. Purcell, and other principals of defendant Modernage, Inc., in and about December of 1966 and on January 3, 1967 were not in a position to make the January 15, 1967 payment of $50,000.00 due and owing upon the Stock Purchase Agreement.

It was agreed between plaintiff and defendant Robert S. Purcell that, if defendant and his partners would sign a personal guarantee, plaintiff would extend the time of the January 15, 1967 payment for a period of 30 or 40 days, and plaintiff would permit a transfer of assets from Financement of Geneva, Inc. in an amount greater than that permitted by Paragraph 11 of the Stock Purchase Agreement. Defendant Robert S. Purcell signed a guarantee agreement dated January 3, 1967 and which reads as follows: "We, the undersigned, agree to be severally liable for the obligation of Modernage, Inc., under its stock purchase agreement with Fasco, A. G., for the purchase of the stock of Financement of Geneva, Inc., provided that Fasco, A. G. shall first look to the assets of the company for payment." On January 3, 1967, the date on which a guarantee agreement was executed by defendant Robert S. Purcell, said defendant admitted to Mr. Daniel Porco, agent of plaintiff, Fasco, A. G., that he could not make the January 15, 1967 payment on time.

The money required to make the January 15, 1967 payment of $50,000.00 by Modernage, Inc. to Fasco, A. G. was to come from the cash and assets of Financement of Geneva, Inc. On January 3, 1967 when defendant Robert S. Purcell met and discussed making the January 15, 1967 payment of $50,000.00 to Fasco, A. G., the balance in Financement of Geneva, Inc.'s bank account was only $14,054.07. On January 15, 1967, the balance in the bank account of Financement of Geneva, Inc. was $15,383.41. .

The $50,000.00 payment due on January 15, 1967 was not made on that date, for Modernage, Inc. and Financement of Geneva, Inc. did not have sufficient money with which to make such payment. On January 16, 1967, Robert S. Purcell personally borrowed $17,000.00, such amount to be a part of the $50,000.00 payment which was delinquent as of January 15, 1967. The $50,000.00 payment due on January 15, 1967 was paid as follows: (a) $30,000.00 of the sum was paid by check dated January 20, 1967, which sum represented the $17,000.00 borrowed by Robert S. Purcell on January 16, 1967, plus the cash on hand of Financement of Geneva, Inc., and $20,000.00, the balance of the $50,000.00 due on January 15, 1967, was paid by check dated February 2, 1967 in the sum of $20,000.00. No further payments were made to Fasco, A. G. as of September 23, 1969, the date upon which the non-jury trial of this action was concluded.

On the basis of the aforementioned facts, the Court makes the following conclusions of law. Defendant Moder-

nage, Inc. is legally in default in meeting its payments of January 15, 1968 and January 15, 1969 in the amounts of $25,000.00 and $35,000.00 respectively, under the terms of the Stock Purchase Agreement dated November 1, 1966 between itself and plaintiff Fasco, A. G., and is legally obligated to pay a total of $60,000.00 to plaintiff by reason of such default. Defendant Modernage, Inc. has no assets with which to meet any of its obligations under the Stock Purchase Agreement of November 1, 1966.

■ The personal guarantee agreement dated January 3, 1967 and executed by defendant Robert S. Purcell, whereby said defendant agreed to be severally liable for the obligations of Modernage, Inc., under its Stock Purchase Agreement with Fasco, A. G., was supported by good and valuable legal consideration, said consideration being an extension of time for making the $50,000.00 payment due on January 15, 1967 and permission to transfer from Financement of Geneva, Inc. more assets than would have been transferable under the terms and conditions of the Stock Purchase Agreement.

■ Even if consideration were not found, the guarantee agreement dated January 3, 1967 and signed by defendant Robert S. Purcell, which states that, "We, the undersigned agreed to be severally liable for the obligation of Modernage, Inc., under its Stock Purchase Agreement with Fasco, A. G.", is legally valid and enforceable without consideration, because the Pennsylvania "Uniform Written Obligations Act", Act of May 13, 1927, P.L. 985, 33 P.S. Sec. 6 is applicable thereto. Said Act provides:

> "A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, *in any form of language*, that the signer intends to be legally bound." (Emphasis supplied.)

The agreement of defendant Robert S. Purcell, with others, "to be severally liable for the obligation of Modernage, Inc." is a clear and formal expression of said defendant's intention to be legally bound by the writing of January 3, 1967 and, under the Act, is enforceable against said defendant regardless of whether consideration existed for defendant's promise. See Essex County Acceptance Corp. v. Heilman, 64 Pa. Dist. & Co. R. 207 (C.P. Wash. Co. 1947).

■ Although counsel for the defendant has called to the Court's attention the decisions of the Supreme Court of Pennsylvania in Coe and Richmond v. Buehler, 110 Pa. 366, 5 A. 20 (1885) and Acme Mfg. Co. v. Reed, 197 Pa. 359, 47 A. 205 (1900) in support of the proposition that notice of acceptance of defendant's guaranty had to be afforded to defendant by plaintiff in order to render defendant's guaranty binding, I find said cases to be factually inapposite here. In each of said cases, the defendant entered into a guaranty of the performance by one party of a contract yet unexecuted by the second party at the time of entry into the guaranty. In the instant case, the contract guaranteed by defendant Robert S. Purcell, the Stock Purchase Agreement, already had been executed by both plaintiff and defendant Modernage, Inc., and, accordingly, no formal notice of acceptance of the guaranty was required of plaintiff.

An appropriate Order is entered in accordance with the foregoing Opinion.

### ORDER

Upon non-jury trial of the action of plaintiff against defendant Robert S. Purcell, it is hereby ORDERED that judgment be and the same is hereby entered in favor of plaintiff and against defendant Robert S. Purcell in the amount of $60,000.00 with interest at 6% per annum on the amount of $25,000.00 from January 15, 1968 and on the amount of $35,000.00 from January 15, 1969.